## PEOPLE v HENDERSON

1. Weapons—Concealed Weapons—Vehicles—Licenses—Statutes.

The statute which provides in part that "any person who shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in any vehicle operated or occupied by him, except in his dwelling house or place of business or on the land possessed by him, without a license to so carry said pistol as provided by law, shall be guilty of a felony" defines a crime having one element; the operative words of the above-quoted portion of the statute as they pertain to a defendant charged with carrying a pistol in a motor vehicle without a license so to carry it are "any person who shall carry a pistol * * * in any vehicle operated or occupied by him * * * shall be guilty of a felony", and the langauge "without a license to so carry said pistol as provided by law" does not add an element to the crime, but simply acknowledges that a person may be authorized to so carry a pistol; this is the essence of a license (MCLA 750.227).

2. Licenses—Definition—Words and Phrases.

A license is the permission by competent authority to do an act which, without such permission, would be illegal.

3. Weapons—Concealed Weapons—Vehicles—Licenses—Proofs—
   Reasonable Doubt—Statutes.

Prima facie case of violation of that portion of the statute which proscribes carrying a pistol in a motor vehicle without a license is made upon a showing that a defendant has carried a pistol in a vehicle operated or occupied by him; upon the establishment of such a prima facie case, the defendant has the burden of injecting the issue of license by offering some proof—not necessarily by official record—that he has been so licensed, and the people are obliged to establish the contrary beyond a reasonable doubt.

References for Points in Headnotes

[1, 3–7] 56 Am Jur, Weapons § 9 *et seq.*
[2] 51 Am Jur 2d, Licenses and Permits § 1.

4. WEAPONS—CONCEALED WEAPONS—LICENSES—BURDEN OF PROOF—
   STATUTES—CONSTRUCTION—PRESUMPTIONS.

   The statute providing that "[i]n any prosecution for the violation
   of any acts of the state relative to use, licensing and possession
   of pistols or firearms, the burden of establishing any exception,
   excuse, proviso or exemption contained in any such act shall be
   upon the defendant but this does not shift the burden of proof
   for the violation", should be read not as absolving the state
   from proving one element of a crime, for to do so would vitiate
   the presumption of innocence, but rather as an appropriate
   legislative expression that lack of a license is not an element of
   the offence and the Michigan Supreme Court is thereby
   prompted to reconsider its construction of the prohibiting lan-
   guage of the statute which proscribes the carrying of a pistol
   without a license (MCLA 750.227, 776.20).

5. WEAPONS—CONCEALED WEAPONS—VEHICLES—LICENSES—EVIDENCE
   —QUESTION FOR JURY—INFERENCES—STATUTES.

   Evidence establishing possession of a weapon by a defendant in
   violation of that portion of the statute which proscribes the
   carrying of a pistol in a motor vehicle without a license was
   provided where one police officer testified that the defendant,
   after being advised of his right to remain silent, acknowledged
   ownership of the weapon found in the car; if the jury believed
   that testimony, the admission of ownership under those circum-
   stances, would support the inference of carrying a concealed
   weapon contrary to the provisions of the statute (MCLA
   750.227).

6. WEAPONS—INSTRUCTIONS—APPEAL AND ERROR—DIRECTED VERDICT.

   There was no reversible error in an instruction on the facts of the
   case stating "[i]f you find that he [defendant] had this gun in
   the car, as testified to by the People, and you believe that
   beyond any reasonable doubt, it makes no difference whether
   the gun was loaded or unloaded, whether he was the owner or
   the driver of the car, if you believe the People's testimony
   beyond a reasonable doubt, it is your duty, ladies and gentle-
   men, to convict the Defendant of the charge contained in this
   Information"; it is not tantamount to a directed verdict.

Appeal from Court of Appeals, Division 1, J. H.
Gillis, P. J., and Bashara and O'Hara, JJ., affirm-
ing Recorder's Court of Detroit, George C. Ryan, J.
Submitted December 6, 1973. (No. 11 December

Term 1973, Docket No. 54,777.) Decided May 21, 1974. Rehearing denied June 25, 1974.

45 Mich App 511 affirmed.

Alex S. Henderson was convicted of carrying a pistol without a license in a motor vehicle. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

T. G. KAVANAGH, J. Defendant was convicted on August 3, 1971 of carrying a pistol in a motor vehicle contrary to the provisions of MCLA 750.227; MSA 28.424 which reads:

"Sec. 227. Carrying concealed weapons—Any person who shall carry a dagger, dirk, stiletto or other dangerous weapon except hunting knives adapted and carried as such, concealed on or about his person, or whether concealed or otherwise in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him; and any person who shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license to so carry said pistol as provided by law, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than five years, or by fine of not more than two thousand five hundred dollars."

The Court of Appeals affirmed his conviction, and on appeal here he makes three assertions of error:

1) There was no proof that the defendant had no license to carry the weapon.

2) There was neither evidence that established possession of the weapon in the defendant, nor proof of his intent to carry it in the car.

3) The judge impinged upon the jury's prerogative by virtually directing a verdict of guilty by saying in his charge:

"Now this is a very simple issue in this case. Did the Defendant have the gun as stated by the People's witness, in the car? If you find that he had this gun in the car, as testified to by the People, and you believe that beyond any reasonable doubt, it makes no difference whether the gun was loaded or unloaded, whether he was the owner or the driver of the car, if you believe the People's testimony beyond a reasonable doubt, it is your duty, ladies and gentlemen, to convict the Defendant of the charge contained in this Information."

Defendant argues that the statute defined a crime having two elements: 1) the carrying of the pistol and 2) the lack of license so to carry. He maintains that since this record contains no proof touching on the lack of license, the conviction cannot stand.

The plaintiff agrees that the statute establishes two elements of the crime, but asserts that the state is absolved from proving the lack of a license by virtue of MCLA 776.20; MSA 28.1274 (1) which reads:

"In any prosecution for the violation of any acts of the state relative to use, licensing and possession of pistols or firearms, the burden of establishing any exception, excuse, proviso or exemption contained in any such act shall be upon the defendant but this does not shift the burden of proof for the violation."

It is true that we have heretofore regarded MCLA 750.227; MSA 28.424, *supra,* as defining a crime having two elements. *People v Gould,* 384 Mich 71; 179 NW2d 617 (1970); *People v Schrader,* 10 Mich App 211, 159 NW2d 147 (1968).

On reconsideration however, we are persuaded that the crime defined by MCLA 750.227; MSA 28.424 as it concerns this case, has but one element. We are satisfied that the operative words of the statute as they pertain to this defendant are:

" * * * any person who shall carry a pistol * * * in any vehicle operated or occupied by him * * * shall be guilty of a felony."

The language in the statute "without a license so to carry said pistol as provided by law" does not add an element to the crime, but simply acknowledges that a person may be authorized so to carry a pistol. This is of the essence of a license.

A license is the permission by competent authority to do an act which, without such permission, would be illegal.

Accordingly we hold that upon a showing that a defendant has carried a pistol in a vehicle operated or occupied by him, prima facie case of violation of the statute has been made out. Upon the establishment of such a prima facie case, the defendant has the burden of injecting the issue of license by offering some proof—not necessarily by official record—that he has been so licensed. The people thereupon are obliged to establish the contrary beyond a reasonable doubt.

We read MCLA 776.20; MSA 28.1274(1), *supra* not as absolving the state from proving one element of a crime, for to do so would vitiate the presumption of innocence. Rather, we read this statute as an appropriate legislative expression

that lack of a license is not an element of the offense and we are thereby prompted to reconsider our construction of the prohibiting language of MCLA 750.227; MSA 28.424, *supra.*

The other errors asserted have no merit.

One police officer testified that the defendant, after being advised of his right to remain silent, acknowledged ownership of the weapon found in the car. If the jury believed that testimony, the admission of ownership, under the circumstances of this case, would support the inference of carrying a concealed weapon contrary to the provisions of the statute.

We find no reversible error in the quoted instruction on the facts of this case. We do not regard it as tantamount to a directed verdict.

The decision of the Court of Appeals is affirmed.

T. M. KAVANAGH, C. J., and SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with T. G. KAVANAGH, J.

J. W. FITZGERALD, J., did not sit in this case.