PER CURIAM.
We granted leave in this case to consider two issues involving MCL 750.224f, which sets forth restrictions concerning the possession[1] of firearms by persons having been convicted of a felony. The first is whether larceny from the person is a “specified felony” for the purposes of MCL 750.224f(6)(i), thus subjecting defendant to more stringent requirements in order to regain his right to possess a firearm. We conclude that larceny from the person involves a substantial risk that force will be used during its commission and, therefore, hold that it is a specified felony.
The second issue is whether the prosecution is always required to show that a person convicted of a specified felony has not had his or her right to possess a firearm restored pursuant to MCL 750.224(2)(b), or whether the prosecution’s burden to disprove restoration only arises if the defendant first introduces evidence that the defendant’s right to possess a firearm has been restored. We conclude, on the basis of MCL 776.20 and People v Henderson, 391 Mich 612, 616; 218 NW2d 2 (1974), that the defendant has the burden of producing evidence to establish that his or her right to possess a firearm has been restored. Once the defendant meets this burden of production, the prosecution bears the burden of persuasion beyond a reasonable *629 doubt. In this case, defendant failed to produce evidence that his firearm rights were restored, and the prosecution thus was not required to prove the lack of restoration. Accordingly, we affirm the judgment of the Court of Appeals.
I. FACTS AND PROCEDURAL HISTORY
In 1977, defendant David M. Perkins was convicted of the felony offense of larceny from the person in violation of MCL 750.357. In 2001, Perkins was involved in an altercation where he pointed a gun at another person, and, in the subsequent struggle, the gun discharged. As a result, Perkins was charged with, among other things,[2] being a felon in possession of a firearm (felon in possession) in violation of MCL 750.224f(2). This statute makes it a crime for a person who has been convicted of a “specified felony” — one that either involves a substantial risk of, or contains as an element the threatened, attempted, or actual use of, physical force against a person or property — to possess a firearm until that person has had the right to possess a firearm restored pursuant to MCL 28.424 and fulfilled certain other requirements.
The trial court, after a bench trial, concluded that the 1977 conviction for larceny from the person was a specified felony and, thus, MCL 750.224f(2) could apply to Perkins. Moreover, the court construed the statute as requiring the prosecution to prove that Perkins’s right to possess a firearm had not been restored only if Perkins first affirmatively produced evidence that his right to possess had been restored by a proper concealed *630 weapons licensing board. Therefore, the trial court convicted Perkins of the offense because he had not produced any such evidence, thus relieving the prosecution of the burden of proving that Perkins’s right to possession had not been restored.
The Court of Appeals affirmed.[3] It concluded that larceny from the person constitutes a specified felony within the meaning of MCL 750.224f, and that a defendant must present evidence of a claimed restoration of the right to possess a firearm before the prosecution’s burden of proving a lack of restoration arises.
We granted defendant’s application for leave to appeal.[4]
II. STANDARD OF REVIEW
This case involves issues of statutory construction. These are issues of law that we review de novo. People v Koonce, 466 Mich 515, 518; 648 NW2d 153 (2002). When interpreting statutes, our goal is to give effect to the intent of the Legislature by reviewing the plain language of the statute. Id.
III. LARCENY FROM THE PERSON IS A “SPECIFIED FELONY”
MCL 750.2241[5] places felons in two different categories. The first category consists of persons convicted of *631 a “felony.” These persons regain their right to possess a firearm three years after paying all fines imposed for their violations, serving all jail time imposed, and successfully completing all conditions of parole or probation. MCL 750.224f(l). The second category consists of persons convicted of a “specified felony.” These persons must wait five years after completing the same requirements and, moreover, must have their right to possess a firearm restored. MCL 750.224f(2).
The term “specified felony” is defined in MCL 750.224f(6), which provides:
As used in subsection (2), “specified felony” means a felony in which 1 or more of the following circumstances exist:
(i) An element of that felony is the use, attempted use, or threatened use of physical force against the person or *632 property of another, or that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
(ii) An element of that felony is the unlawful manufacture, possession, importation, exportation, distribution, or dispensing of a controlled substance.
(Hi) An element of that felony is the unlawful possession or distribution of a firearm.
(iv) An element of that felony is the unlawful use of an explosive.
(v) The felony is burglary of an occupied dwelling, or breaking and entering an occupied dwelling, or arson. [Emphasis added.]
The prosecution in this case has neither alleged that an element of larceny from the person is “the use, attempted use, or threatened use of physical force against the person or property of another,” MCL 750.224f(6)(i), nor that any of the criteria in subsections ii through v apply in this case. Therefore, the inquiry is whether larceny from the person is a crime that “by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.” We hold that it does.
The crime of larceny from the person consists of a larceny effectuated by “stealing from the person of another.”[6] The defendant acknowledges that there is a risk of force inherent in the crime of larceny from the person because of the potential for the victim to notice the taking of his or her personal property and use force to prevent it.[7] However, he claims that such a risk is not *633 substantial. We disagree.
“Substantial” is defined as “of ample or considerable amount, quantity, size, etc.” Random House Webster’s College Dictionary (1995). Therefore, the issue is whether larceny from the person by its nature involves a substantial or considerable risk that physical force will be used. We believe that it does. In order to commit a larceny from the person, the defendant must steal something from a person in that person’s presence. That is, the victim must be present when the defendant steals something from the victim. Unless the victim submits to the theft or does not notice the theft, physical force will almost certainly be used in response.[8] As the Court of Appeals explained:
[T]he offense of larceny from a person is separated from other larceny offenses because it is committed in the immediate presence of another person. The “Legislature *634 decided that larceny from a person presents a social problem separate and apart from simple larceny.” Specifically, “the invasion of the person or immediate presence of the victim.” Because a person whose property is stolen from his presence may take steps to retain possession, and the offender may react violently, we conclude that the offense of larceny from a person, “by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. ” We therefore hold that larceny from a person is a specified felony within the meaning of MCL 750.224f. {Perkins, supra at 272 (citations omitted; emphasis in the original).]
That the Legislature has recognized that larceny from the person involves a substantial risk of physical force is demonstrated by the different punishments that it has chosen to impose for larceny[9] and larceny from the person. If a defendant[10] steals property from another outside the person’s presence and the property is worth less than $1,000, the defendant is only guilty of a misdemeanor. MCL 750.356(4)(a).[11] If the property is worth less than $200, the defendant cannot be imprisoned for more than ninety-three days. MCL 750.356(5).[12] On the other hand, if the same defendant steals the same property directly from the person, the defendant can be imprisoned for ten years. A defendant who steals property from a person outside the person’s *635 presence can only face a ten-year sentence if the property is worth $20,000 or more. MCL 750.356(2)(a). That the Legislature has chosen to subject a defendant who steals property from a person in that person’s presence to a ten-year sentence, regardless of the value of the property, and has chosen to subject a defendant who steals property worth less than $200 from a person outside that person’s presence to a ninety-three-day sentence demonstrates that the Legislature recognized the substantial risk of force that is involved when one steals something from somebody’s person, a risk that is absent when one steals something outside the person’s presence.[13]
Therefore, we hold that larceny from the person is a “specified felony” under MCL 750.224f(6)(i).
IV THE DEFENDANT BEARS THE BURDEN OF PRODUCING EVIDENCE THAT THE DEFENDANT’S FIREARM RIGHTS HAVE BEEN RESTORED
Subsection 2 of the felon-in-possession statute prohibits a person convicted of a specified felony from possessing a firearm “until” certain conditions are satisfied. MCL 750.224f(2). One of the conditions set forth in the statute is that the defendant’s right to possess a firearm must have been legally restored.
MCL 750.224f(2) provides:
A person convicted of a specified felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until all of the following circumstances exist-.
*636 (a) The expiration of 5 years after all of the following circumstances exist:
(i) The person has paid all fines imposed for the violation.
(ii) The person has served all terms of imprisonment imposed for the violation.
(Hi) The person has successfully completed all conditions of probation or parole imposed for the violation.
(b) The person’s right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored pursuant to section 4 of Act No. 372 of the Public Acts of 1927, being section 28.424 of the Michigan Compiled Laws. [Emphasis added.]
Thus, the statute provides that a person convicted of a specified felony may not possess a firearm “until” all the listed circumstances exist. Specifically, the felon may not possess a firearm “until” (1) five years have expired from the payment of all fines, the service of all terms of imprisonment, and the successful completion of all conditions of probation or parole, and (2) the person’s right to possess a firearm has been restored. In this case, as noted in our discussion of the first issue, the prosecution established that the defendant was convicted of a specified felony and that he possessed a firearm.
The question remains, however, whether the prosecution must prove that the defendant’s possession of the firearm occurred before the restoration of firearm rights where, as here, the defendant produced no evidence that his firearm rights had been restored. In answering this question, we must consider MCL 776.20, which states:
In any prosecution for the violation of any acts of the. state relative to use, licensing and possession of pistols or firearms, the burden of establishing any exception, excuse, *637 proviso or exemption contained in any such act shall be upon the defendant but this does not shift the burden of proof for the violation.
It appears that the Legislature enacted this statute in response to People v Schrader, 10 Mich App 211, 217; 159 NW2d 147 (1968). In People v Jiminez, 27 Mich App 633, 635; 183 NW2d 853 (1970), the Court of Appeals stated:
Prior to 1968, we would have given serious consideration to such an objection. People v Schrader (1968), 10 Mich App 211. However, in that year, the legislature took notice of our decisions holding that it was the burden of the prosecutor to prove that the defendant did not come within a statutory exception. The legislature responded by enacting a law [MCL 776.20] which held that, in trials for carrying concealed weapons, the burden is on the defendant to show that he comes within one of the exemptions.[14]
The broad language used in MCL 776.20 plainly extends to the felon-in-possession statute, MCL 750.224Í, because it is a statute regarding the use, licensing, and possession of firearms. We must therefore give effect to the plain language of MCL 776.20 requiring the defendant to establish “any” exception, excuse, proviso, or exemption contained in any statute “relative to use, licensing and possession” of firearms.
In applying the text of MCL 776.20, we adhere to this *638 Court’s interpretation in Henderson. In Henderson, this Court considered the effect of MCL 776.20 in a prosecution for carrying a pistol in a motor vehicle in violation of MCL 750.227. The issue was whether the prosecution or the defendant bore the burden of establishing whether the defendant had a license to carry a pistol. After considering the text of MCL 776.20, this Court concluded that the defendant bore the burden of producing evidence regarding licensure, while the prosecution bore the ultimate burden of persuasion.[15] Specifically, the Henderson Court stated:
Accordingly, we hold that upon a showing that a defendant has carried a pistol in a vehicle operated or occupied by him, [a] prima facie case of violation of the statute has been made out. Upon the establishment of such a prima facie case, the defendant has the burden of injecting the issue of license by offering some proof-not necessarily by official record — that he has been so licensed. The people thereupon are obliged to establish the contrary beyond a reasonable doubt. [Henderson, supra at 616 (emphasis added).]
The interpretation set forth in Henderson accords with the well-established principle that “[c]ourts must give effect to every word, phrase, and clause in a statute, and must avoid an interpretation that would render any part of the statute surplusage or nugatory.” Koontz v Ameritech Services, Inc, 466 Mich 304, 312; 645 NW2d 34 (2002). The Henderson Court gave effect to the entirety of MCL 776.20. By recognizing that the defendant bore the burden of producing or going forward with evidence that he was licensed, the Henderson *639 Court gave effect to the statutory phrase “the burden of establishing any exception, excuse, proviso or exemption contained in any such act shall be upon the defendant...And by concluding that the prosecution bore the ultimate burden of persuasion beyond a reasonable doubt, the Henderson Court avoided rendering nugatory the phrase “but this does not shift the burden of proof for the violation.”[16]
We thus adhere to the framework established in Henderson. Like the firearms offense considered in Henderson, the offense of felon in possession falls within the strictures of MCL 776.20 requiring the defendant to establish “any exception, excuse, proviso or exemption ....” We may consult dictionary definitions of terms that are not defined in a statute. Koontz, supra at 312. The dictionary definition of the term “proviso” is instructive. A “proviso” is “an article or clause that introduces a condition: stipulation.” Webster’s Seventh New Collegiate Dictionary (1967). MCL 750.224f(2) contains a clause that introduces conditions that must be met before a person convicted of a specified felony may possess a firearm. Specifically, the five-year period from the specified events described in the statute must have expired, and the felon’s firearm rights must have been restored. Until those conditions are satisfied, the felon may not possess a firearm.
We conclude that the felon-in-possession statute contains a proviso. Thus, we are bound to follow the plain language of MCL 776.20 and the analytic approach established in Henderson.
*640 Defendant here produced no evidence to establish that his right to possess a firearm had been restored. Because defendant failed to meet his burden of production, the prosecution was not required to prove the lack of restoration of firearm rights beyond a reasonable doubt. MCL 776.20; Henderson, supra at 616.
V CONCLUSION
We conclude that larceny from the person is a crime that carries a substantial risk that physical force will be used or threatened against another. Therefore, we agree with the Court of Appeals that it qualifies as a specified felony under MCL 750.224f(6)(i).
Also, a defendant bears the burden of producing evidence to establish that his or her right to possess a firearm has been restored, in light of MCL 776.20 and this Court’s decision in Henderson. Because defendant failed to meet his burden of production in this case, the prosecution was not required to prove the lack of restoration of firearm rights beyond a reasonable doubt. Accordingly, we affirm the judgment of the Court of Appeals.
Taylor, C.J., and Weaver, Corrigan, Young, and Markman, JJ., concurred.

 Although we mention only possession in this opinion, MCL 750.224Í does not pertain only to the possession of firearms, but also to the use, transportation, sale, purchase, carrying, shipping, receiving, or distribution of firearms.

 Defendant was also charged with felonious assault in violation of MCL 750.82, and possession of a firearm while committing or attempting to commit a felony in violation of MCL 750.227b. These charges are not at issue in this appeal.

 People v Perkins, 262 Mich App 267; 686 NW2d 237 (2004).

 471 Mich 914 (2004).

 This statute provides, in part:
(1) Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of 3 years after all of the following circumstances exist:
(a) The person has paid all fines imposed for the violation.
*631 (b) The person has served all terms of imprisonment imposed for the violation.
(c) The person has successfully completed all conditions of probation or parole imposed for the violation.
(2) A person convicted of a specified felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until all of the following circumstances exist:
(a) The expiration of 5 years after all of the following circumstances exist:
(¿) The person has paid all fines imposed for the violation.
(ii) The person has served all terms of imprisonment imposed for the violation.
(Hi) The person has successfully completed all conditions of probation or parole imposed for the violation.
(b) The person’s right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored pursuant to section 4 of Act No. 372 of the Public Acts of 1927, being section 28.424 of the Michigan Compiled Laws.

 MCL 750.357.

 At oral argument, defense counsel stated, “I certainly don’t dispute that there’s a risk in any larceny from a person because of the require *633 ment that the larceny has to occur either from the person or near the person, there is a risk.... As I said, there is always a risk, and nobody could deny there is always a risk in larceny from a person that violence may occur.”

 Justice Cavanagh posits that “every felony” involves a risk of force. Post at 665. However, Justice Cavanagh fails fully to appreciate that not all felonies require the defendant to steal something from the victim’s presence. Because a defendant must steal something from the victim’s presence in order to commit a larceny from the person, a larceny from the person does not just pose a risk of force, it poses a substantial risk of force.
Justice Cavanagh also contends that, if detected, a perpetrator could “choose to avoid confrontation if it becomes apparent that force or the threat of force must be used to complete the intended act.” Post at 665. However, if the perpetrator chooses to abandon the attempt to steal the property from the victim once detected, the perpetrator has not committed a larceny from the person. In order to commit a larceny from the person, the perpetrator would, in all likelihood, have to use force or the threat of force to steal the property from the victim. Therefore, a larceny from the person involves more than a “mere potential” of force or threat of force; post at 665, rather, it involves a “substantial” risk of force or threat of force.

 A larceny is committed when one steals the property of another outside the person’s presence. MCL 750.356.

 All of the following hypothetical examples involve a defendant who does not have any prior larceny convictions.

 A defendant who steals property from another outside the person’s presence is only guilty of a felony if the property is worth $1,000 or more. MCL 750.356(2)(a) and (3)(a).

 If the property is worth $200 or more, but less than $1,000, the defendant cannot be imprisoned for more than one year. MCL 750.356(4)(a).

 Although it is not necessary to our analysis, we note that the federal courts have held that larceny from the person is a "crime of violence” for the purpose of the federal sentencing guidelines, which define a crime of violence as a crime that “involves conduct that presents a serious potential risk of physical injury to another.” USSG 4B1.2(a)(2); United States v Payne, 163 F3d 371, 375 (CA 6, 1998).

 We disagree with Justice Kelly’s assertion that MCL 776.20 cannot alter what the prosecution has to prove in order to obtain a conviction under MCL 750.224f. Post at 653. The Legislature has the authority to change the law if it wishes, and this is what it did by enacting MCL 776.20. After its enactment, MCL 776.20 was controlling. Moreover, contrary to Justice Kelly’s statements, MCL 776.20 never altered MCL 750.224f because it predated it. This fact also undercuts Justice Kelly’s rule of lenity and due process arguments because, when enacted, MCL 750.224Í had to be read as fitting into the legal context already created by MCL 776.20.

 Justice Kelly asserts that Henderson “cannot be correct” because it would mean that there are only two, not three, elements to the crime of carrying a concealed weapon in a vehicle. Post at 656. We are puzzled by this argument because we know of no requirement for a minimum, or a maximum, number of elements.

 While it is not necessary to our analysis, we note that the majority of courts in other states that have considered this issue has similarly allocated at least the burden of production regarding the lack of license to the defendant. See Anno: Burden of proof as to lack of license in criminal prosecution for carrying or possession of weapon without license, 69 ALR3d 1054.