# Order

**Supreme Court**
**Lansing, Michigan**

September 21, 2005

128209

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

TERRY JOE FRONEY,
      Defendant-Appellant.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 128209
COA: 250324
Wayne CC: 03-002594-01

_____/

On order of the Court, the application for leave to appeal the January 20, 2003 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the portion of the judgment of the Court of Appeals that rejected defendant's challenge to the trial court's instruction on his burden to show that his right to possess a weapon had been restored, and we REMAND this case to the Court of Appeals for reconsideration in light of *People v Perkins*, 473 Mich 626 (2005).

*Perkins* held that a defendant bears the burden of producing evidence to establish that his right to possess a firearm has been restored pursuant to MCL 750.224f(2)(b), but if the defendant fails to meet his burden of production, the prosecution isn't required to prove lack of restoration beyond a reasonable doubt. This defendant claims that evidence exists from which to infer that his previous conviction was "expunged or set aside" within the meaning of MCL 750.224f(4), and that the trial court thus erred in instructing the jury that, "[a] mere assertion by defendant that his rights to carry a firearm were restored is not enough evidence to shift the burden of proof to the prosecution to show that the defendant's rights to possess a firearm were not restored." T III, 47.

In all other respects, the application for leave to appeal is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

We do not retain jurisdiction.



I, CORBIN R. DAVIS, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 21, 2005

_____
Clerk

s0914