MERRITT, Circuit Judge,
concurring.
The court’s opinion persuasively explains how three features of the law operate in this case to eviscerate the warrant requirement of the Fourth Amendment as applicable to this defendant. When the police see a pistol in a parked car in Michigan, two exceptions to the warrant requirement of the Fourth Amendment — the plain-view and automobile exceptions — are stacked with a burden-shifting provision in Michigan’s concealed weapons statute, and the result is that the police have broad authority to break into the car and seize the gun without a warrant. As the court analyzes the issue, it is irrelevant how the police’s attention came to be focused on the defendant. As it turns out, here the police were responding to a 911 call concerning a suspect in a car with a similar make to that of the defendant, but by the time the events relevant to defendant’s ultimate conviction occurred, he had been definitively ruled out of this initial investigation. But that is no matter. While I join the court’s opinion and agree that the result in this case is unavoidable in light of controlling authority, I write separately to note just how detached all three of the legal rules that decide this case are from their original rationales, and to emphasize the paucity of constitutional rights enjoyed by automobile owners in the State of Michigan who carry pistols in their cars, even when those guns are carried lawfully.
The court’s opinion analyzes the seizure of the pistol in this case under the general framework of the plain-view exception to the warrant requirement. This exception has three elements: that the police be lawfully in a position from which they may view the object to be seized, that the incriminating character of the object be immediately apparent, and that the officers have a lawful right of access to the object when it is seized. Horton v. California, 496 U.S. 128, 136-37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). That the first element is satisfied in this case is relatively *364 clear: the police say that they saw the defendant’s pistol sticking out under the car’s front seat by peering through the car window when it was parked in a driveway.
To find the plain-view exception’s other two elements satisfied requires us to apply a burden-shifting provision applicable to Michigan’s concealed weapon statute, and then yet another exception to the warrant requirement. First, while pistols are not always illegal to carry in a ear in Michigan, they are, in effect, presumptively so. Michigan citizens are free to carry pistols in their car so long as they have a license to do so; but Michigan Compiled Law 776.20 places the burden of establishing that license on the owner, lest they be found guilty of violating Michigan’s concealed weapon statute, Michigan Compiled Law 750.227, which applies to all pistols in vehicles, “concealed or otherwise.” As the Supreme Court of Michigan has held, “upon a showing that a defendant has carried a pistol in a vehicle operated or occupied by him, prima facie case of violation of the statute has been made out.” People v. Henderson, 391 Mich. 612, 218 N.W.2d 2, 4 (1974); see also People v. Perkins, 473 Mich. 626, 703 N.W.2d 448, 455 (2005) (reaffirming Henderson’s holding). Where the police have a “prima facie case” concerning the violation of the statute when they see a pistol in a car, we cannot say that the criminality of a pistol seen in a car is not “immediately apparent” (at least, until the owner satisfies his burden), and so the second element of the plain-view exception is satisfied.
But here, the car was locked, and the defendant apparently would not give up his keys, and so the police’s right of lawful access to the pistol — the third element of the plain-view exception — might at first blush seem lacking. But, again, another exception to the warrant requirement applies: the automobile exception. This relatively long-established exception allows the police warrantlessly to search a car where they have probable cause to believe it contains evidence of a crime. Maryland v. Dyson, 527 U.S. 465, 466-67, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999) (citing Carroll v. United States, 267 U.S. 132, 153, 45 S.Ct. 280, 69 L.Ed. 543 (1925)). As the court’s opinion correctly notes, our Circuit specifically has extended this exception to allow the police to break into parked cars when they have reason to suspect they contain contraband. See, e.g., United States v. Weatherspoon, 82 F.3d 697, 697-99 (6th Cir.1996).
And so the police were entitled in this case to use a wrecker to force open the defendant’s car and seize the pistol without getting a warrant first. The pistol was apparently visible from outside the car, Michigan law effectively presumes that guns in cars are illegal, and the police may break into a car when they have probable cause to believe it contains something illegal inside. This is so even though the original rationales for each of the critical provisions commanding the result in this case are not present here. The plain-view exception is based on the “practical justification ... [of] sparing police ... the inconvenience and the risk — to themselves or to the preservation of the evidence — of going to obtain a warrant.” Arizona v. Hicks, 480 U.S. 321, 327, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987). But this pistol posed neither risk; it was locked in a parked car, not likely to go anywhere and certainly not available to the defendant, who was already in custody by the time it was seized. The Michigan burden-shifting statute was apparently enacted as a legislative reversal of a Michigan Court of Appeals case that held a defendant’s lack of a license to be an element of the concealed weapon offense that must be proven by the prosecution in its case-in-chief. Compare People v. Schrader, 10 Mich.App. 211, 159 N.W.2d *365 147, 150 (1968) (terming the absence of a license as “an essential element” of the concealed weapon charge and reversing a conviction where it was not sufficiently proven) with Henderson, 218 N.W.2d at 4 (reading the enactment of the burden-shifting statute as “an appropriate legislative expression that lack of a license is not an element of the offence” and reversing the holding of Schrader). But the case that apparently incited this legislative reversal concerned the appropriate burdens of proof at trial, and.had nothing to do with searches; the burden-shifting statute’s interaction with the plain-view and automobile exceptions to the warrant requirement — which drives the result in this case — appears to be as coincidental as it is unavoidable. And, finally, while the automobile exception was originally justified on the basis of the exigency created by the mobility, of vehicles, Carroll v. United States, 267 U.S. 132, 153, 45 S.Ct. 280, 69 L.Ed. 543 (1925), recent cases have abandoned this rationale entirely, and hold that no exigency showing at all is required for the exception to apply, see, e.g., Dyson, 527 U.S. at 466, 119 S.Ct. 2013. By the time we finish applying these three rules — each profoundly detached from the practical considerations that originally inspired its creation — there is little left of the warrant requirement first announced in Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507,19 L.Ed.2d 576 (1967).
The court’s opinion notes in a footnote that “in cases like this ... the preferred course of action would be for officers to secure the car and obtain a warrant before forcing entry.” This suggestion is laudatory, but it is, as should be obvious by now, utterly precatory: we may only request that the police comply with this “preferred” procedure, because the law is clear that they are under no legal obligation to do so. Make no mistake, the state of the law in Michigan is now that the police may break into and search a parked car whenever they see a pistol inside. This rule applies whether one is like the defendant in this case, a felon who had no right to possess a firearm and who will very likely spend years in prison on the basis of the fruit of one of these searches, or one is a duly licensed Michigan pistol owner, who happens to have one’s gun infelicitously positioned within a parked car when the police walk by, and fails to be present at that moment to rebut the law’s presumption that the item is illegally possessed. In a total inversion of the Katz rule, these warrantless searches are now per se reasonable under the Fourth Amendment.
I agree with the decision of the Michigan Court of Appeals in Schrader, supra, that the absence of a license for a pistol should be an element of the offense, and therefore should be established before the police can be said to have probable cause to believe the law has been violated, but the legislature overruled this decision. Once that occurred, against the backdrop of the plain-view exception and the automobile exception, a police officer in Michigan may forego a warrant and break into a car.