# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DUANE DESHAWN LEE,

Defendant-Appellant.

UNPUBLISHED
June 16, 2015

No. 320322
Wayne Circuit Court
LC No. 13-006038-FH

Before: STEPHENS, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of felon in possession of a firearm (felon-in-possession), MCL 750.224f. Defendant was sentenced, as a third habitual offender, MCL 769.11, to a term of 30 months to 10 years' imprisonment. We affirm.

Defendant's first argument is that there was insufficient evidence to support his conviction. We disagree.

This Court reviews de novo challenges to the sufficiency of the evidence. *People v Meshell*, 265 Mich App 616, 619; 696 NW2d 754 (2005) (citations omitted). Applying this standard, evidence is viewed in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *Id.* at 619 (citations omitted). In reviewing the sufficiency of the evidence, this Court must not interfere with the jury's role as the fact-finder. *Id.*

To establish felon-in-possession, "the statute provides that a person convicted of a specified felony may not possess a firearm 'until' all the listed circumstances exist. Specifically, the felon may not possess a firearm 'until' (1) five years have expired from the payment of all fines, the service of all terms of imprisonment, and the successful completion of all conditions of probation or parole, and (2) the person's right to possess a firearm has been restored." *People v Perkins*, 473 Mich 626, 636; 703 NW2d 448 (2005).

At the outset of the jury trial, before any witnesses were called, the following stipulation was put on the record:

> [F]or purpose of the felon in possession of a firearm charge both parties stipulate
> that the defendant Duane Lee has previously been convicted of a specified felony.

-1-

Further, as of March 9th, 2013, the defendant did not have the right to possess a firearm because as [sic] his requirements for regaining eligibility had not been met.

In order to establish that defendant was guilty of felon-in-possession, based upon the stipulation that defendant did not have the right to possess a firearm, the prosecution needed only to establish that defendant possessed a firearm on March 9, 2013.

Testimony from five witnesses indicated that defendant possessed an AK47 on March 9, 2013. The jury, as fact-finder, found those witnesses credible and found defendant guilty of felon-in-possession. Our Supreme Court held, in *People v Hardiman*, 466 Mich 417, 431; 646 NW2d 158 (2002) (quotation omitted):

> [A]ppellate courts are not juries, and even when reviewing the sufficiency of the evidence, they must not interfere with the jury's role: [An appellate court] must remember that the jury is the sole judge of the facts. It is the function of the jury alone to listen to testimony, weigh the evidence and decide the questions of fact. . . . Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony.

Viewed in a light most favorable to the prosecution, there was sufficient evidence to support defendant's conviction for felon-in-possession.

Defendant next argues that the trial court abused its discretion when it denied his motion for a new trial. Again, we disagree.

The decision whether to grant a new trial is within the trial court's discretion and is, therefore, reviewed for an abuse of discretion. *People v Bennett*, 290 Mich App 465, 481; 802 NW2d 627 (2010) (citations omitted). "An appellate court should generally defer to the trial court's judgment, and if the trial court's decision results in an outcome within the range of principled outcomes, it has not abused its discretion." *People v Orlewicz*, 293 Mich App 96, 100; 809 NW2d 194 (2011).

Defendant argues that the verdict was against the great weight of the evidence. The trial judge reviewed his notes from trial and ruled that there were "at least three witnesses that said that he was in possession of the, of the gun. I don't know how I could set aside the felon in possession verdict, so I won't. Or grant a new trial on the basis that that verdict is infirm in that, in that way. So the motion for a new trial is denied." The record below actually reflects that *five witnesses* testified that they saw defendant with a gun on the night in question. The guilty verdict was not against the great weight of the evidence.

As our Supreme Court held in *People v Lemmon*, 456 Mich 625, 637; 576 NW2d 129 (1998) (citations and quotations omitted), "[i]t is the province of the jury to determine questions of fact and assess the credibility of witnesses. As the trier of fact, the jury is the final judge of credibility." Further, "[a] trial judge does not sit as the thirteenth juror in ruling on motions for a new trial and may grant a new trial only if the evidence preponderates heavily against the verdict so that it would be a miscarriage of justice to allow the verdict to stand." *Id.* at 627.

The trial court's decision was based upon the record evidence and fell within the range of principled outcomes. The trial court did not abuse its discretion in denying defendant's motion for a new trial.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Stephen L. Borrello
/s/ Michael F. Gadola