# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARAN CHRISTOPHER SIMMONS,

        Defendant-Appellant.

UNPUBLISHED
November 24, 2015

No. 321915
Wayne Circuit Court
LC No. 13-003313-FH

Before: METER, P.J., and WILDER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of assault with a dangerous weapon (felonious assault), MCL 750.82; felon in possession of a firearm, MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to 30 days (time served) for the felonious assault and felon in possession of a firearm convictions and to five years' imprisonment for the second-offense felony-firearm conviction. Defendant was also ordered to pay $600 in court costs. We affirm.

This case arises from an assault that occurred in Detroit on December 30, 2011. Wanda Thomas was walking west in the direction of her townhouse when she saw defendant, her ex-boyfriend, walking east on the opposite side of the road. Thomas and defendant shared a contentious history, and Thomas immediately became afraid. As defendant approached, she heard him say, "Yeah, b****. I'm about to kill you." Then defendant pulled a gun from the back of his pants. Thomas started to run in the direction of her townhouse and heard defendant fire five or six shots behind her. She called the police as soon as she returned to her townhouse, and the police arrived to investigate the scene.

Without corroborating witnesses or physical evidence, defendant's trial became a credibility contest. Defendant's trial counsel attempted to impeach Thomas's credibility in part by admitting a Facebook conversation defendant claimed she had participated in with defendant's friend, Diaz Stewart, in May 2012. In that conversation, statements attributed to Thomas indicated that Thomas had shot defendant in the past after he "hit my baby with that brick . . . ." When asked to explain, Thomas denied ever shooting defendant and further claimed that the Facebook conversation itself had not occurred. In opposition, she produced a Facebook conversation of her own that she claimed had taken place between her and Stewart in August

-1-

2012 and that did not make any note of the alleged prior shooting. In a further attempt to impeach Thomas's credibility, defendant's trial counsel called Stewart to testify. Stewart claimed that Thomas's version of the Facebook conversation must have been falsified because he had been in prison in August 2012, without access to a computer.

Defendant first argues that his trial counsel was ineffective for failing to investigate the unsubstantiated incident during which Thomas allegedly shot defendant or to obtain medical records confirming that the shooting occurred.

To properly preserve the issue of ineffective assistance of counsel for appeal, a defendant must bring a timely motion for a new trial or move for a *Ginther*[1] hearing in the lower court. See *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). Defendant failed to move for a new trial or a *Ginther* hearing in the lower court, raising this issue for the first time on appeal. Thus, our review is limited to mistakes apparent from the record. *Id*.

Whether a person has been denied effective assistance of counsel is a mixed question of law and fact. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). Generally, "[a] trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Petri*, 279 Mich App at 410.

"To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his attorney's performance was objectively unreasonable in light of prevailing professional norms; and (2) that he was prejudiced by the deficient performance." *People v Walker*, 497 Mich 894, 895; 855 NW2d 744 (2014). To show prejudice, a defendant "must demonstrate a reasonable probability that but for counsel's errors, the result of the proceedings would have been different." *People v Gaines*, 306 Mich App 289, 300; 856 NW2d 222 (2014).

There is a presumption that an attorney's assistance was effective, and the defendant bears a heavy burden of proving otherwise. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). This presumption is strong when it relates to defense counsel's choice of trial strategy, see *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009), and this Court "will not substitute [its] judgment for that of counsel on matters of trial strategy," *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008).

Defendant argues that trial counsel's failure to further investigate Thomas's purported shooting of defendant and obtain medical records relating to the prior incident fell below an objective standard of reasonableness because verification of the prior shooting could have impeached Thomas's trial testimony. It should be noted first that there is no evidence in the lower court record that medical records relating to an alleged prior shooting even exist. Indeed, the only mention of a prior shooting is in a Facebook conversation with questionable accuracy.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-2-

Additionally, Thomas's alleged shooting of defendant was a collateral matter not relevant to the trial court's determination of guilt with respect to the charged crimes. It is true that "[t]rial counsel is responsible for preparing, investigating, and presenting all substantial defenses," *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009), and that failure to make a reasonable investigation can constitute ineffective assistance of counsel when it undermines confidence in the trial's outcome, *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). However, even if Thomas had shot defendant in the past, that fact would neither negate an element of any of the charged crimes nor offer support for a substantial defense.

Defendant's trial counsel discovered the Facebook conversation containing Thomas's alleged admission to shooting defendant and specifically questioned Thomas about the shooting during cross-examination. The trial court had an opportunity to view the conversation and evaluate Thomas's credibility as she denied the accuracy of the Facebook conversation. Trial counsel's failure to further investigate the prior shooting incident, or discuss it further at trial, was sound strategy not falling below an objective standard of reasonableness.

Even assuming trial counsel's failure to investigate the alleged shooting incident had been unreasonable, defendant has failed to show that he was prejudiced by that failure. Defendant argues that verification of the shooting could have impeached Thomas's testimony, and that this would have changed the outcome at trial because Thomas's testimony provided the only evidence to support the convictions. However, trial counsel *did* attempt to impeach Thomas with information regarding the prior shooting, and the trial court explicitly stated that Thomas's credibility had been considered. The trial judge acknowledged that Thomas's testimony had some "issues," but found that, with regard to the instant assault, Thomas was credible. Further information regarding the prior alleged shooting would not bear directly on whether defendant was guilty of the instant crimes. We find no basis for reversal.

Defendant also argues that there was insufficient evidence to support his convictions. We disagree.

This Court reviews de novo challenges to the sufficiency of evidence following a bench trial. *People v Lanzo Const Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006). This Court must review the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found each element of the charged crimes proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). "Findings of fact by the trial court may not be set aside unless they are clearly erroneous." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). This Court resolves conflicts in the evidence in favor of the prosecution and will not interfere with the trier of fact's determinations regarding the weight of evidence and the credibility of the witnesses. *Unger*, 278 Mich App at 222.

"The elements of felonious assault are: (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Chambers*, 277 Mich App 1, 8; 742 NW2d 610 (2007) (citation and quotation marks omitted). "An assault is made out from either an attempt to commit battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *People v Nickens*, 470 Mich 622, 628; 685 NW2d 657 (2004) (citations and quotation marks omitted). "Circumstantial evidence and reasonable inferences arising therefrom may be sufficient to prove

the elements of a crime." *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999). "Indeed, because it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind . . . ." *People v Henderson*, 306 Mich App 1, 11; 854 NW2d 234 (2014) (citation and quotation marks omitted).

For a conviction of felon in possession of a firearm, the prosecution must present evidence that the defendant possessed a firearm while ineligible to possess a firearm under MCL 750.224f as a result of a prior felony conviction. See, generally, *People v Perkins*, 473 Mich 626, 630-631; 703 NW2d 448 (2005). Although proof of a felony conviction is an element, the parties may stipulate that the defendant has been convicted of a prior felony. *People v Green*, 228 Mich App 684, 691–692; 580 NW2d 444 (1998). Finally, for a conviction of felony-firearm, the prosecution must show that the defendant possessed a firearm during the commission of a felony or the attempt to commit a felony. *People v Akins*, 259 Mich App 545, 554; 675 NW2d 863 (2003).

When the resolution of a disputed factual question is contingent on the credibility of a witness, this Court defers to the trial court's superior ability to evaluate matters of credibility. See, generally, *People v Sexton*, 461 Mich 746, 752; 609 NW2d 822 (2000). The trial court explicitly credited Thomas's testimony regarding the charged assault, which provided sufficient evidence of defendant's guilt. Thomas testified that she heard defendant say, "Yeah, b****. I'm about to kill you," and that he pulled a firearm from his pants and aimed it in her direction. As she turned and started to run toward her townhouse, she heard defendant fire five or six shots. Whether the shots were fired toward Thomas makes no difference, given that assault may be established by an attempted battery or an unlawful act that places an individual in reasonable apprehension of an immediate battery. *Nickens*, 470 Mich at 628. Based on defendant's explicit verbal threat, his act of producing the gun, and his firing the gun shortly thereafter, Thomas could reasonably have apprehended an immediate battery. Only minimal circumstantial evidence was required to establish defendant's intent to injure Thomas or to place her in reasonable apprehension of an immediate battery, *Henderson*, 306 Mich App at 11, and a rational trier of fact could have reasonably inferred, based on defendant's threat and subsequent firing of a weapon, that the intent element for felonious assault had been satisfied beyond a reasonable doubt. Defendant carried out his assault on Thomas with a dangerous weapon. *People v Bosca*, ___ Mich App ___, ___; ___ NW2d ___ (2015); slip op at 9, citing MCL 750.226 (stating that a firearm is a dangerous weapon for purposes of a felonious assault conviction). Viewed in the light most favorable to the prosecution, and deferring to the trial court's credibility determinations, the evidence presented at trial was sufficient to support defendant's felonious assault conviction beyond a reasonable doubt.

Further, sufficient evidence was presented to convict defendant of felon in possession of a firearm and felony-firearm. The parties stipulated that defendant had a prior felony conviction and was ineligible to possess a firearm. Thus, for a conviction on the felon in possession of a firearm charge, the prosecution was only required to prove that defendant actually or constructively possessed a firearm. *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012). The trial court's determination that defendant was guilty of felonious assault involving a firearm required a finding that defendant possessed a firearm at the time of the assault. The trial court made this finding based on Thomas's testimony as noted above. Similarly, the felony-firearm

conviction was properly supported by either the felonious assault conviction or the felon in possession of a firearm conviction, given that a violation of MCL 750.224f may itself serve as the underlying predicate felony for a felony-firearm conviction. MCL 750.227b; *People v Calloway*, 469 Mich 448, 452; 671 NW2d 733 (2003). Therefore, viewed in the light most favorable to the prosecution, there was sufficient evidence presented to support a rational trier of fact's conclusion that defendant was guilty beyond a reasonable doubt of all three counts.

Finally, defendant argues that the trial court did not have authority to impose $600 in "court costs" at sentencing under MCL 769.1k as interpreted by the Michigan Supreme Court in *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014). We disagree.

Because defendant failed to object at sentencing, his challenge to the trial court's imposition of court costs is reviewed for plain error. See *People v Dunbar*, 264 Mich App 240, 251; 690 NW2d 476 (2004), overruled on other grounds by *People v Jackson*, 483 Mich 271; 769 NW2d 630 (2009).

Defendant is correct that, in *Cunningham*, the Michigan Supreme Court held that "MCL 769.1k(1)(b)(*ii*) provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute." *Cunningham*, 496 Mich at 158. Defendant also appropriately acknowledges the Legislature's subsequent amendment of MCL 769.1k through 2014 PA 352, which specifically disavows the *Cunningham* decision by its enacting language.

Defendant argues, however, that to the extent that the amendment of MCL 769.1k retroactively authorizes the assessment of generalized court costs, the amendment violates state and federal Ex Post Facto Clauses. In *People v Konopka*, 309 Mich App 345, 360-376; 869 NW2d 651 (2015), this Court thoroughly addressed and rejected numerous constitutional challenges to the amendment of MCL 769.1k, including the same challenge being raised by defendant. This Court is bound by its prior decisions, and defendant's arguments are meritless in light of *Konopka*. MCR 7.215(J)(1).

"When a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly." *Mayor of Detroit v Arms Technology, Inc*, 258 Mich App 48, 65; 669 NW2d 845 (2003) (citation and quotation marks omitted). By the plain terms of 2014 PA 352, the amended version of MCL 769.1k applies to all fines, costs, and assessments imposed before June 18, 2014 (the date *Cunningham* was decided), and after the act's effective date of October 17, 2014. See *Konopka*, 309 Mich App at 357. Defendant was sentenced, and the $600 in court costs imposed, on May 6, 2014. Therefore, the amended statute applies to the trial court's order.

Affirmed.

/s/ Patrick M. Meter
/s/ Kurtis T. Wilder