*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DARRELL TYRONE DEAN,

Defendant-Appellant.

UNPUBLISHED
December 3, 2019

No. 344585
Ingham Circuit Court
LC No. 16-000862-FC

Before: TUKEL, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by right his jury conviction of felon in possession of a firearm (felon-in-possession), MCL 750.224f(2), for which he was sentenced to serve 34 to 120 months of imprisonment. We affirm.

## I. FACTS

Defendant shot at his wife's former lover who was standing outside his mother's house with his mother and his girlfriend. Defendant was identified by the victim, the victim's mother, and the victim's girlfriend. Defendant testified at trial that he was at a friend's house all night and that he left the house once for a 15-minute trip to a party store. This was corroborated by testimony from defendant's friend. Police officers recovered three .40-caliber shell casings from the scene of the shooting, and officers recovered a .40-caliber handgun from defendant's house, along with boxes of .40-caliber ammunition. The three casings were all fired from the same weapon, but did not definitively match the recovered handgun. Defendant admitted knowing that the gun was in the house, but he testified that it belonged to his brother.

Defendant was charged with felon-in-possession, assault with intent to commit murder, MCL 750.83, discharging a firearm at a building, MCL 750.234b, possession of a firearm during the commission of a felony, MCL 750.227b(1), and assault with intent to commit murder, MCL 750.83. He was acquitted of all charges except felon-in-possession. Defendant now appeals that conviction and sentence.

## II. SUFFICIENCY OF THE EVIDENCE

-1-

On appeal, defendant argues that there was insufficient evidence to find that he was in possession of a firearm. We disagree.

A challenge to the sufficiency of evidence in support of a criminal conviction is a question of law reviewed de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). We review the evidence in a light most favorable to the prosecution to determine whether rational jurors could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. (quotation marks and citation omitted).

In every criminal case, the prosecution is required to prove each element of every charged crime beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992). For a conviction of felon in possession of a firearm, the prosecution must present evidence that defendant possessed a firearm, and that at the time defendant possessed a firearm, he was ineligible to do so under MCL 750.224f(2) as a result of a prior felony conviction. *People v Perkins*, 473 Mich 626, 630–632; 703 NW2d 448 (2005).

Defendant stipulated his prior specified felony conviction, and only challenges the sufficiency of the evidence regarding possession. Possession of a firearm can be actual or constructive, and it can be proved by direct or circumstantial evidence. *People v Burgenmeyer*, 461 Mich 431, 437; 606 NW2d 645 (2000). Actual possession occurs when an individual has immediate, physical control over an object. *People v Flick*, 487 Mich 1, 15; 790 NW2d 295 (2010). Constructive possession occurs when a person is near a firearm and there is indication of his or her control of the firearm, either directly or through another person. *People v Hill*, 433 Mich 464, 470; 446 NW2d 140 (1989). This occurs when a person has knowledge of the presence of the firearm and reasonable access to it. *Id*. at 471. Constructive possession can be joint, or it can be exclusive. *Id*.

Three witnesses identified defendant as the man who shot at them, thereby exercising immediate, physical control over a gun. Furthermore, three .40 caliber casings were recovered, matching the caliber weapon found at defendant's home. This constitutes sufficient evidence for the jury to make the inference that defendant was in possession of the firearm.

Defendant argues that the witness testimony that defendant was the shooter was not credible because two of the witnesses had never met defendant in person. Defendant also argues that because he is married to the victim's ex-fiancée, his testimony is not credible. However, witness credibility is best left to the jury and is not for us to second guess. *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). It was within the sole province of the jury to determine whether the witnesses were capable of recognizing defendant and of correctly identifying him as the man who shot at them. It also was within the jury's province to determine if the witness's testimony was credible.

A jury may also make reasonable inferences from that evidence. People v Hardiman, 466 Mich 417, 428; 646 NW2d 158 (2002). Two witnesses testified that the weapon used to shoot at them was a long gun, and one witness testified that it was a handgun. The firearms expert could not definitively say if the handgun found at defendant's home was the weapon that shot the recovered casings. However, the jury was free to make numerous reasonable inferences, including that the two witnesses were correct about the identity of the shooter, but were unable to recall precisely the nature of the gun because of the fast and traumatic nature of the experience. Therefore, there was evidence provided for the jury to either accept or dismiss that the handgun was indeed the gun used in the shooting.

Defendant also argues that because the jury did not convict him of the other charges, it could not have inferred that he was in actual possession of a firearm without being inconsistent. Convictions do not have to be consistent. *People v Lewis*, 415 Mich 443, 450; 330 NW2d 16 (1982). The jury could have found that there was not enough evidence to determine beyond a reasonable doubt that defendant shot at the victims, while still concluding beyond a reasonable doubt that he was in possession of a firearm. Because three witnesses testified that defendant was in actual possession of a firearm when he shot at them, and because the shell casings from that shooting matched the caliber of the weapon found at defendant's house, there was sufficient evidence for a jury to have found that defendant was in actual possession of a firearm.

Furthermore, there was sufficient evidence to support an alternative finding that defendant was *constructively* in possession of a firearm. Constructive possession occurs when a person is near a firearm and there is indication of his or her control of the firearm, either directly or through another person. *Hill*, 433 Mich at 470. This occurs when a person has knowledge of the presence of the firearm and reasonable access to it. *Id*. at 471. A firearm is considered readily accessible when there is evidence that a defendant had dominion and control of the premises where the weapon was found. See *Wolfe*, 440 Mich at 521-522. Ownership is not equivalent to possession. *Burgenmeyer*, 461 Mich at 438.

The jury could reasonably have found that defendant had constructive possession of the handgun because he had knowledge of and access to it. Defendant testified that he knew that his brother owned the gun and kept it in the house. He also had access to the weapon and the ability to establish control and dominion of it because he had dominion and control of the house in which it was kept; it was his house. Defendant's proximity, knowledge, access, and ability to acquire control of the weapon provided sufficient evidence for a jury to conclude that he had constructive possession of a weapon.

Although the prosecutor did not specifically assert the issue of constructive possession during closing argument, the trial court gave the jury instructions on it. We presume that the jury followed the trial court's jury instructions even in absence of an argument by the prosecution. See *Unger*, 278 Mich App at 235. A jury may convict a defendant on multiple theories. *People v Chelmicki*, 305 Mich App 58, 68; 850 NW2d 612 (2014). The jury was adequately informed of the theories of both actual and constructive possession, and sufficient evidence was presented to allow it to find that defendant was in actual or constructive possession of a firearm.

## III.  CONCLUSION

Affirmed.

/s/ Jonathan Tukel
/s/ David H. Sawyer
/s/ Michael J. Riordan