DAIMLERCHRYSLER CORPORATION v G-TECH
PROFESSIONAL STAFFING, INC

Docket No. 241109. Submitted September 9, 2003, at Lansing. Decided November 13, 2003. Approved for publication December 23, 2003, at 9:10 A.M.

DaimlerChrysler Corporation brought an action in the Wayne Circuit Court against G-Tech Professional Staffing, Inc., seeking the enforcement of an indemnity clause in a contract under which the defendant supplied workers to the plaintiff. One such worker had struck and killed a pedestrian while driving an automobile owned by the plaintiff, and the decedent's estate had brought a claim against the plaintiff. The court, William J. Giovan, J., granted summary disposition for the plaintiff. The defendant appealed.

The Court of Appeals *held*:

An indemnity contract is construed in the same manner as other contracts and, if unambiguous, must be enforced according to the plain and ordinary meaning of the words used in the contract. The contract between the parties in this case unambiguously bound the defendant to indemnify the plaintiff from and against any and all claims or legal actions relating to bodily injury arising out of or related to the performance of any work in connection with the contract. The undisputed facts of this case show a logical connection between the accident and the work performed by the supplied worker under the contract between the parties. The principle of construing a contract against its drafter cannot apply in the absence of an ambiguity in the contract.

Affirmed.

*DeNardis, McCandless & Miller, P.C.* (by *William McCandless*), for the plaintiff.

*Vandeveer Garzia* (by *Hal O. Carroll*) for the defendant.

Before: Smolenski, P.J., and Markey and Wilder, JJ.

PER CURIAM. Defendant G-Tech Professional Staffing, Inc. (G-Tech), appeals by right the judgment of Wayne Circuit Judge William Giovan granting plaintiff DaimlerChrysler Corporation (DCC) summary disposition pursuant to MCR 2.116(C)(10). We affirm. DCC sued to enforce an indemnity clause in a written contract it had with G-Tech for "supplemental" workers. The underlying claim arises from a motor vehicle accident that occurred when a worker supplied by G-Tech, Shane Smith,[1] while driving a Jeep owned by DCC, struck and killed a pedestrian, Ronald Pilon. G-Tech's insurance carrier is not a party to this appeal.[2]

On the basis of the undisputed material facts, the trial court did not err by concluding as a matter of law that the claim against DCC by Pilon's estate came within the unambiguous indemnity clause of the parties' contract, and that DCC was entitled to judgment against G-Tech. MCR 2.116(C)(10); *Hubbell, Roth & Clark, Inc v Jay Dee Contractors, Inc*, 249 Mich App 288, 291; 642 NW2d 700 (2002).

This Court reviews de novo a trial court's grant or denial of summary disposition. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003). The interpretation of a contract is also a question of law this Court reviews de novo on appeal,

---

[1] Smith was charged with manslaughter, MCL 750.321, and leaving the scene of a serious personal injury accident, MCL 257.617. He pleaded guilty to both charges, and was sentenced to 4½ to fifteen years' imprisonment for manslaughter and a concurrent twenty-three months to sixty months' imprisonment for leaving the scene of a serious personal injury accident.

[2] Defendant Valley Forge Insurance Company is not a party to this appeal because it agreed to undertake DCC's defense in the underlying litigation and to indemnify DCC if the trial court's judgment is affirmed on appeal.

including whether the language of a contract is ambiguous and requires resolution by the trier of fact. *Id.* at 463, 469, 480; *Mahnick v Bell Co*, 256 Mich App 154, 159; 662 NW2d 830 (2003). An unambiguous contract must be enforced according to its terms. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 51-52; 664 NW2d 776 (2003).

An indemnity contract is construed in the same manner as other contracts. *Hubbell, supra* at 291; *Zurich Ins Co v CCR & Co (On Rehearing)*, 226 Mich App 599, 603; 576 NW2d 392 (1997). Thus, an unambiguous written indemnity contract must be enforced according to the plain and ordinary meaning of the words used in the instrument. *Zurich, supra* at 604-605. The parties may, of course, specifically assign a different meaning to the words used in a contract. *Id.* at 605 n 3. And the circumstances may clearly indicate a word used in a contract has a meaning contrary to its ordinary usage. *Id.* at 608 n 4.

Affidavits, depositions, admissions, or other documentary evidence must support a motion for summary disposition based on MCR 2.116(C) (10). MCR 2.116(G)(3)(b); *Patterson v Kleiman*, 447 Mich 429, 432; 526 NW2d 879 (1994). The moving party must specifically identify the undisputed factual issues and support its position with evidence. MCR 2.116(G)(4), *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). The trial court must consider the submitted evidence in the light most favorable to the nonmoving party. MCR 2.116(G)(5); *Mahnick, supra* at 157. If the moving party fulfills its initial burden, the party opposing the motion then must demonstrate with supporting evidence that a genuine and material issue of disputed fact exists. MCR 2.116(G)(4); *Crown Tech-*

*nology Park v D&N Bank, FSB*, 242 Mich App 538, 547; 619 NW2d 66 (2000). If there is no genuine issue regarding any material fact, the moving party is entitled to summary disposition as a matter of law. MCR 2.116(C)(10); *Mahnick, supra.*

G-Tech, in essence, argues that it must indemnify DCC only for personal injuries that occur when the workers it supplied to DCC are actually performing tasks for DCC. Given the undisputed facts and the unambiguous contract language, G-Tech's position lacks merit. The parties do not dispute: (1) that G-Tech supplied Smith to DCC pursuant to their contract, (2) that Smith was driving a DCC-owned Jeep with the permission of DCC, and (3) that Smith would not have been driving the DCC Jeep but for working for DCC at its TAP engineering department. The parties also do not dispute that the contract at issue provides that G-Tech "shall assume all risk of . . . bodily injury . . . in connection with the work, and . . . bodily injury . . . wherever located, resulting from or arising out of any action, omission or operation under the contract or in connection with the work." Further, the contract requires G-Tech to indemnify DCC "from and against any and all . . . claims, or legal actions . . . arising out of the bodily injury . . . arising out of or related to the performance of any work in connection with this contract . . . ."

The plain language of the indemnity clause does not require that personal injury occur while work is being performed. It only requires that the personal injury arise out of, or be related to, the performance of any work in connection with the contract. The trial court correctly concluded that the contract language is expansive. The word "related" ordinarily means

being "associated" or "connected." See *Random House Webster's College Dictionary* (2d ed, 1997). Likewise, "connection," in the context clearly employed here, plainly means "logical association or development . . . *to make a connection between two events.*" *Id.* The undisputed facts of this case show a logical association connecting the contract, and Smith's work under the contract, to the accident. The trial court correctly found that connection: G-Tech supplied Smith to DCC under the contract and Smith had use of the DCC Jeep he was driving at the time of the accident through his work at DCC.

Defendant's position is not enhanced by the principle that a contract must be construed against the drafter. "An indemnity contract is construed in the same fashion as are contracts generally." *Zurich, supra* at 603. An unambiguous indemnity contract will be enforced according to its terms. *Hubbell, supra* at 293. Here, the parties specifically agreed that the contract should not be construed against its drafter, and the parties may agree to any terms they wish that are not otherwise prohibited by law. *Quality Products & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 370; 666 NW2d 251 (2003). Moreover, the principle of construing an indemnity contract against the drafter, like any other contract, only applies where (1) an ambiguity exists and (2) all other means of construing the ambiguity have been exhausted. See Klapp, supra at 470-474. Thus, the rule does not apply to this case. Rather, the unambiguous language of the contract requires G-Tech to indemnify DCC for any personal injury "arising out of or related to the performance of any work in connection with this contract." The undisputed facts establish a logical

link between the contract, and the work under the contract, and the personal injury.

We affirm.