# Order

Michigan Supreme Court
Lansing, Michigan

April 28, 2006

126514

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

MARK DAVID SESSIONS,
      Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 126514
COA: 251836
Livingston CC: 03-013545-AR
53rd DC: 03-0293-FY

On April 13, 2005, the Court heard oral argument on the application for leave to appeal the May 18, 2004 judgment of the Court of Appeals. On order of the Court, the application for leave to appeal is again considered. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE and VACATE the decision of the Court of Appeals. In petitioning for defendant's discharge from probation, defendant's probation officer stated on the Petition and Order for Discharge from Probation that defendant had "complied with teh [sic] terms and conditions of [his] probation." The prosecutor did not challenge the accuracy of this assertion by defendant's probation officer. By signing the Petition and Order for Discharge from Probation, the circuit judge adopted this assertion by defendant's probation officer and, thus, concluded as a matter of law that defendant had "successfully completed all conditions of probation" for the purposes of MCL 750.224f(1)(c). The prosecutor did not seek leave to appeal that order pursuant to MCR 7.203(B)(1) & (E), and MCL 770.12(2), and may not collaterally attack that order in this case.

CAVANAGH, J., concurs with the result.

MARKMAN, J., concurs and states as follows:

I join in the Court's order, but I am prompted to write separately by Justice Kelly's dissenting statement. It is not to "dodge" an argument for a court to rely on an alternative argument in resolving a case. I do not necessarily disagree with Justice Kelly's substantive analysis and this Court doubtlessly will have the opportunity to consider it in a future case. In the meantime, the Court of Appeals opinion to which Justice Kelly takes

such objection has been *vacated*. As such, it has no precedential value and thus will serve as no barrier to the adoption of Justice Kelly's analysis in the proper case.

WEAVER, J., dissents and states as follows:

I dissent from the Court's order reversing and vacating the judgment of the Court of Appeals. I would grant leave to appeal to hear full argument on this question of major significance to the state's jurisprudence.

KELLY, J., dissents and states as follows:

Despite having considered this case for nearly a year, the Court is unable to resolve the issue raised by the parties. Hence, the majority has resorted to peremptorily reversing the Court of Appeals judgment on an issue of its own creation. The parties never raised this issue and have not been given the opportunity to address it.

The sole issue that the prosecutor presented to us is whether a felon has successfully completed all the conditions of probation by being unconditionally discharged from probation. It is a question of statutory construction involving an ex-felon's right to possess a firearm under MCL 750.224f(1)(c).

The majority resolves the appeal on the basis of collateral attack. At the very least, this Court should grant leave to appeal to provide the parties an opportunity to respond to the collateral attack issue.

The background of this case is the following: The Court of Appeals held that a felon who once violates any condition of probation can never successfully complete probation even if the judge unconditionally discharges the felon from it. Defendant Mark Sessions once violated a term of his probation by using drugs. Eventually, there having been no repetitions of the violation, he was unconditionally discharged from probation. However, the Court of Appeals found that, seven years after his discharge, Sessions violated the felon-in-possession statute by possessing a shotgun. The finding is based on the language of the statute that forbids possession of a firearm by anyone who did not "successfully" complete all conditions of probation.

### THE MEANING OF "SUCCESSFULLY COMPLETED ALL CONDITIONS"

The question raised by the prosecutor is the meaning of the phrase: "[t]he person has successfully completed all conditions of probation" in MCL 750.224f(1)(c). Because it is a matter of statutory construction, we review it de novo. *People v Kimble*, 470 Mich 305, 308-309 (2004). Our goal is to give effect to the Legislature's intent. *People v Koonce*, 466 Mich 515, 518 (2002). To do so, we start with the language of the statute itself.

When, as here, a statute does not contain internal definitions of terms used in it, we give the terms their common, ordinary meaning. Under these circumstances, it can be helpful to consult dictionary definitions. *Title Office*, *Inc v Van Buren Co Treasurer*, 469 Mich 516, 522 (2004).

The parties dispute the meaning of "successfully" in this statute. A Webster's dictionary defines the root word "success" as "the favorable or prosperous termination of attempts or endeavors." *Random House Webster's College Dictionary* (2001). Applying that definition, in order to be "successful," a defendant must achieve a favorable termination of all conditions of probation. This is the only means of satisfying MCL 750.224f(1)(c).

In this case, defendant did achieve a favorable termination. His probation conditions favorably terminated when the court unconditionally discharged him from probation. The judge left no lingering probation requirement for defendant to complete. He was free from court supervision without the obligation to report to a probation officer. Therefore, he successfully completed all conditions of probation.

It seems obvious to me that a person has "successfully completed" all conditions of probation when there are no more conditions left to complete. Where, as here, the trial judge ascertained that defendant has "complied with the terms and conditions of probation," there is nothing left for defendant to do. He has "successfully" complied with all of his legal obligations because no conditions remain. Where once there were five conditions to satisfy, now there is none.

As well as being true to the meaning of the terms in MCL 750.224f(1), my interpretation is consistent with its structure. MCL 750.224f(1)(a)[1] and (1)(b)[2] both refer to specific, identifiable dates. MCL 750.224f(1)(a) describes the date when all fines have been paid. MCL 750.224f(1)(b) describes the date when all terms of imprisonment have been served. Thus, it would make sense for MCL 750.224f(1)(c) to be read as representing a similarly specific point in time: the date when a defendant is released from probation. The statute has a consistency of structure. This consistency suggests the interpretation that I have made.

---

[1] MCL 750.224f(1)(a) requires that "[t]he person has paid all fines imposed for the violation."

[2] MCL 750.224f(1)(b) requires that "[t]he person has served all terms of imprisonment imposed for the violation."

4

"SUCCESSFULLY" IS NOT NECESSARILY "PERFECTLY"

The decision of the Court of Appeals essentially replaces the word "successfully" with "perfectly." The root word of perfectly, "perfect," can be defined as "conforming absolutely to the description or definition of an ideal type . . . ." *Random House Webster's College Dictionary* (2001). The Court of Appeals would require a person on probation, in order to again be entitled to possess a firearm, to conform in absolute terms to the conditions of probation.

But the Legislature chose to use "successfully," not "perfectly." Without good cause to conclude otherwise, we must assume that it chose the word purposely and intentionally. *Detroit v Redford Twp*, 253 Mich 453, 456 (1931). There is no reason to believe that the Legislature inadvertently used "successfully," intending another word. Therefore, "successfully" should not be read as "perfectly."

The Court of Appeals majority concluded that reading MCL 750.224f(1)(c) as I have read it renders meaningless the phrase "all conditions." Certainly, where possible, every word of a statute should be given meaning. And no word should be treated as surplusage or made nugatory by a court's interpretation. *People v Warren*, 462 Mich 415, 429 n 24 (2000).

But, in fact, my interpretation leaves no word out. "All" conditions means "the whole number of" or "every one" of the conditions. *Random House Webster's College Dictionary* (2001). Hence, a probationer must complete every one of the conditions of probation before the three-year waiting period for the restoration of the right to possess a firearm can begin to run. MCL 750.224f(1).

By using this phrasing, the Legislature indicated that substantial completion of probation is insufficient to start the clock running toward restoration. For instance, if the court released a probationer from all the conditions of probation except one, that probationer would not have satisfied the requirements of MCL 750.224f(1)(c). The probationer would satisfy that subsection only by fulfilling the final condition of probation. Then, as required by the Legislature, the probationer would have completed "all conditions of probation."

The Court of Appeals majority believed that its interpretation is correct because it comports with the Legislature's intent to keep guns out of the hands of those most likely to misuse them. *People v Sessions*, 262 Mich App 80, 86 (2004). But its logic is circular. It concluded that people who once violated a condition of probation pose a threat to public safety because they once violated a condition of probation. It attempted to support its position by stating its conclusion as a premise. This logical fallacy does not persuade me to depart from the common, ordinary understanding of the words chosen by the Legislature.

CONCLUSION

A felon successfully completes all conditions of probation for purposes of MCL 750.224f(1)(c) when the court discharges the felon from probation. This Court has not adopted the prosecutor's reading of the statute. As a consequence, there exists no judicial determination that a judge is authorized to include in an order discharging a probationer that the probation was unsuccessfully completed. It is a concept beyond the ken of MCL 750.224f(1)(c).

In this case, Mark Sessions was discharged from probation and, three years later, regained the right to possess a firearm under MCL 750.224f(1). He was accused of an act of domestic violence almost seven years after his discharge. Since, by then, he had satisfied the statutory conditions to possess a firearm, he could not be convicted of violating MCL 750.224f(1) on the grounds that he owned a shotgun.[3] Therefore, I would reverse the judgment of the Court of Appeals and reinstate the circuit court's affirmance of the district court's dismissal of the felon-in-possession charge.

I take exception to the majority's avoidance of this issue and its focus on an irrelevant issue not raised or addressed by the parties.

---

[3] Defendant also claimed that the Court of Appeals interpretation of MCL 750.224f(1) made the statute unconstitutionally vague and ambiguous. Given that I conclude that the Court of Appeals incorrectly interpreted the statute, I need not reach this issue.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 28, 2006

_____
Clerk

d0425