GENERAL MOTORS CORPORATION;
et al., Plaintiffs–Appellees,

v.

MARITZ, INC., a Missouri corporation;
et al., Defendants–Appellants.

No. 06–15422.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2008.

Filed Feb. 14, 2008.

Jo Ana Saint–George, Esq., Bowman & Brooke LLP, Jeffrey R. Brooke, Esq., Phoenix, AZ, for Plaintiffs–Appellees.

Michael Frederick Beethe, Esq., Bonnett Fairbourn Friedman & Balint, PC, Phoenix, AZ, Melinda S. Kollross, Esq., Clausen Miller, PC, Chicago, IL, for Defendants–Appellants.

Before: HUG, SCHROEDER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Maritz, Inc. appeals the summary judgment entered by the district court in favor of General Motors. We reverse.

Under Michigan law, which the parties agree applies, we must interpret the in-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

demnity provision "according to the plain and ordinary meaning of the words." *DaimlerChrysler Corp. v. G–Tech Prof. Staffing Inc.*, 260 Mich.App. 183, 678 N.W.2d 647, 649 (2004).

We agree with Maritz that the injuries suffered as a result of the hot air balloon accident did not "aris[e] from or in connection with" the use by Maritz of GM's intellectual property. The connection between the injuries and Maritz's use of GM's property was simply too attenuated. To trigger the indemnification obligation, there must be some logical connection or association between the injuries and the use of GM property, *see DaimlerChrysler Corp.*, 678 N.W.2d at 650, something more than mere coexistence, and there was no such connection here. GM does not contend that the hot air balloon accident itself arose from the use by Maritz of GM's property. Nor can the presence of the victims be attributed to that use. They were there because they won the sales contest. GM may have wanted to promote its brand name and trademarks, but it has not alleged nor would it be logical to conclude that the victims were drawn to the event or boarded the balloon because of Maritz's use of GM's intellectual property.

Under GM's interpretation of the contract, Maritz would effectively be required to indemnify GM against any claim or liability that occurred during the course of the event weekend not caused by GM's sole negligence, something that could have been stated directly in the contract but was not. We therefore conclude that Maritz is not required, under the terms of the purchase order agreement, to indemnify GM for the damages from the hot air balloon accident.

**REVERSED.**