# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

JOSEPH EDWARD-JARED ROTHWELL,

    Defendant-Appellant.

UNPUBLISHED
January 17, 2017

No. 328890
Calhoun Circuit Court
LC No. 2012-002654-FH

Before: WILDER, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

Defendant pled guilty to third-degree home invasion, MCL 750.110a(4) pursuant to a plea agreement. As part of the plea agreement, defendant was to serve 18 months' probation. In exchange, the prosecution agreed to drop a second-degree home invasion charge and agreed that, upon successful completion of probation, defendant's felony third-degree home invasion conviction would be reduced to a misdemeanor. Although defendant violated one of the terms of probation, on September 10, 2014, the circuit court entered an order discharging defendant from probation and indicating that defendant had successfully completed the conditions of probation. The prosecution did not object to or appeal the order. Subsequently, in accord with the plea agreement, defendant moved to reduce his felony third-degree home invasion to a misdemeanor. The prosecution objected, claiming that defendant failed to successfully complete probation because he had violated one of the terms. The circuit court agreed, and, in a July 27, 2015 order, denied defendant's motion to reduce his felony to a misdemeanor. After this Court denied defendant's application for leave to appeal, in lieu of granting leave, our Supreme Court remanded to this Court for consideration as on leave granted. *People v Rothwell*, 499 Mich 958; 879 NW2d 877 (2016). For the reasons set forth in this opinion, we reverse the circuit court's July 27, 2015, order and remand for entry of an order granting defendant's motion to reduce his felony to a misdemeanor in accord with the terms of the plea agreement.

## I. BACKGROUND

On the night of June 30, 2012, defendant broke into the home of his former girlfriend and stole property. Defendant was charged with one count of second-degree home invasion and one count of third-degree home invasion. At a plea hearing on April 9, 2013, defendant pleaded guilty to the third-degree home invasion count, pursuant to a plea agreement in which the second-degree home invasion count would be dismissed and defendant's conviction would be

-1-

reduced to a misdemeanor after he successfully completed probation. The parties outlined the plea agreement on the record as follows:

> *The Court*: Now, [defense counsel], would you outline the nature and extent of the plea bargain please.
>
> [*Defense Counsel*]: Your Honor, my client will enter a plea of guilty to count two, five-year offense, home invasion in the third degree. In exchange for that the prosecutor's office will dismiss count one. And they recommend to the court that my client be placed on probation and any jail which may be contemplated be deferred to the end of probation. *After successful completion of probation the prosecution agrees that the offense with which my client would have a conviction would be reduced to a misdemeanor of entry without permission.*
>
> With the regard to probation [sic] the prosecution and [defendant] have agreed that—or the prosecutor agreed that they will agree to a cap of no more than two years of probation. Although a lesser amount may be appropriate in the Court's eye after the presentence investigation is done.
>
> *The Court*: Is that your understanding, [prosecutor]?
>
> [*Prosecutor*]: It is, your Honor. I would add that there are two terms of probation the people are requesting specifically which include payments of restitution and no contact with the victims of this case.
>
> *The Court*: [Defense counsel].
>
> [*Defense Counsel*]: Agreed. [Emphasis added.]

At a sentencing hearing on May 17, 2013, defendant was sentenced to 18 months' probation. As part of the terms of probation, the trial court ordered defendant "to have no contact at all with [the victim or her parents] . . . either directly or through another person or be within 500 feet of their residence, school, or place of employment while you're on probation." In imposing the sentence, the trial court stated:

> Upon successful completion of probation this charge may be reduced to a misdemeanor if the motion is filed and there's no objection by the prosecutor that would be justifiably used to deny your request.

Defense counsel sought to clarify the procedure for reducing defendant's conviction to a misdemeanor:

> [*Defense Counsel*]: We talked in terms, he may petition and may be granted. The plea agreement specifically says upon completion of probation, then it will be reduced to a misdemeanor.

-2-

*The Court*: If it is a stipulation that is submitted, [defense counsel], it certainly will be considered as stuff [sic].

Before his probation ended, on April 4, 2014, defendant violated one of the terms of probation when he attempted to contact the victim using a false Facebook account. Defendant was sentenced on April 7, 2014, to continued probation with the additional terms that he (1) complete sex offender treatment or other treatment when referred by the field agent; and (2) serve 4 days in jail with credit for 4 days served. Nothing in the record presented to this Court gives rise to a finding that the prosecutor raised the issue of the reduction of the charge being nullified by defendant's probation violation.

On September 5, 2014, Probation Officer Nina Garza moved for defendant to be discharged from probation. The motion stated:

> The defendant has paid his Court ordered assessments in full and maintains compliance with special and standard terms of probation. [Defendant] has also completed sex offender treatment and has been crime free. It is recommended he be successfully discharged at this time.

The circuit court approved the order and discharged defendant from probation on September 10, 2014, indicating in the order that the trial court found "that all conditions of probation" were "successfully completed." The prosecution neither objected to nor appealed the order.

Thereafter, on June 1, 2015, defendant filed a motion to reduce his felony conviction to a misdemeanor pursuant to the terms of the plea agreement.[1] The prosecution objected. At a motion hearing, defendant argued that the terms of the plea agreement entitled him to have his felony conviction reduced to a misdemeanor because he successfully completed probation. Defendant argued that the circuit court's September 10, 2014, order discharged him from probation and indicated that he successfully completed probation. Defendant further argued that he was discharged from probation early, being discharged in September rather than December; he did not have his probation extended; he apparently completed all probation requirements and paid all financial assessments; Officer Garza indicated in her letter that defendant complied with the probation terms and successfully completed probation; and that while he had a probation violation, he was never resentenced and his probation was not revoked. Defendant argued that successful completion of probation requires substantial compliance, not perfection; that defendant substantially complied with the terms of probation; and that defendant's single probation violation did not disqualify him from receiving the benefit of his plea bargain because he was never off of probation.

---

[1] The case was reassigned to a different trial judge apparently after the former judge retired.

In response, the prosecution argued that defendant failed to successfully complete probation because he had violated a term of probation before being discharged. Thus, the plea agreement did not require the circuit court to reduce the felony to a misdemeanor.

The circuit court denied defendant's motion to reduce the conviction to a misdemeanor. In denying the motion, the trial court stated:

> Well, I don't think the issue revolves around a reneging of the plea agreement whatsoever. It revolves around the definition of successful completion. And, in fact, the record does reflect that the defendant was subject to a probation violation proceeding for having contact with the victim in this case while on probation in violation of the specific term thereof. And was sentenced to four days in jail with credit for four days with an added term of completion of sex offender treatment.

> While the file indicates that the terms of probation were successfully completed and that the defendant was discharged from probation and may have been early. I don't—I didn't—I haven't computed the time. I'm not disputing, [defense counsel]. What that means, to this Court as least [sic], is that probation did not end up being revoked and the defendant being resentenced on the additional charge—on the initial charge rather. That the probation simply ended.

> I have a hard time contemplating that a violation of so important a term as to not have contact with the victim is a successful performance of probation. And it seems to me that is very central to the whole idea of probation that the defendant not have contact with the victim and that he be held in strict compliance with that. So, while he ended up being discharged from probation without it being revoked, I don't count it as a successful completion. And the motion for the reduction to a misdemeanor is therefore denied.

On August 17, 2015, defendant filed an application for leave to appeal with this Court and this Court denied the application.[2] Defendant then filed an application for leave to appeal in the Michigan Supreme Court and, in lieu of granting leave to appeal, on June 22, 2016, our Supreme Court remanded the matter to this Court for consideration as on leave granted. *Rothwell*, 499 Mich at 958.

## II. ANALYSIS

On appeal, defendant argues that the circuit court erred in denying his motion to reduce his conviction from a felony to a misdemeanor, claiming various grounds on which the circuit court erred.

---

[2] *People v Rothwell*, unpublished order of the Court of Appeals, entered December 7, 2015 (Docket No. 328890).

Resolution of this appeal requires that we interpret and apply terms of a plea agreement. "[C]ontractual analogies may be applied in the context of a plea agreement if to do so would not subvert the ends of justice." *People v Blanton*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 328690, issued August 30, 2016); slip op at 9 (quotation marks and citation omitted). Contract interpretation, "including whether the language of a contract is ambiguous and requires resolution by the trier of fact," presents a question of law that we review de novo. *DaimlerChrysler Corp v G Tech Prof Staffing, Inc*, 260 Mich App 183, 184-185; 678 NW2d 647 (2003).

In this case, the issue raised by the parties is whether defendant successfully completed his probation. Based on Judge Kinsley's order we find that defendant successfully completed probation. The parties in this case freely entered into a plea agreement wherein the prosecution agreed, *inter alia*, that defendant's felony conviction would be reduced to a misdemeanor upon defendant's successful completion of probation. The probation officer moved for defendant to be discharged from probation, and that motion was granted by Judge Kingsley. In his order entered September 10, 2014, which the prosecution neither objected to nor appealed, Judge Kingsley discharged defendant from probation and specifically indicated in the order that defendant had successfully completed the conditions of probation. "A court speaks through written judgments and orders[.]" *People v Jones*, 203 Mich App 74, 82; 512 NW2d 26 (1993). By entering his September 10, 2014 order, Judge Kingsley "concluded as a matter of law" that defendant had "successfully completed" "all conditions of probation[.]" See *People v Sessions*, 474 Mich 1120; 712 NW2d 718 (2006). "The prosecutor did not seek leave to appeal that order pursuant to MCR 7.203(B)(1) and (E), and MCL 770.12(2), and may not collaterally attack that order in this case." *Id.*

We therefore hold that once the circuit court successfully discharged defendant from probation, defendant successfully completed probation and was entitled to have his felony conviction reduced to a misdemeanor. The circuit court erred in holding otherwise. Remand for entry of an order granting defendant's motion and reducing his felony to a misdemeanor is therefore appropriate.[3]

We reverse the circuit court's July 27, 2015, order and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher

---

[3] Given our conclusion, we need not address defendant's argument that the circuit court violated MCR 2.613(B) and (C).