*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL ROY PARKMALLORY,

Defendant-Appellant.

FOR PUBLICATION
May 16, 2019
9:10 a.m.

No. 342546
Saginaw Circuit Court
LC No. 17-044076-FH

Before: SWARTZLE, P.J., and M. J. KELLY and TUKEL, JJ.

M. J. KELLY, J.

Defendant, Michael Parkmallory, appeals as of right his jury-trial convictions of felon in possession of a firearm (felon-in-possession), MCL 750.224f(1), and possession of a firearm during the commission of a felony, second offense (felony-firearm), MCL 750.227b(1). For the reasons stated in this opinion, we reverse.

## I. BASIC FACTS

Parkmallory was charged with felon-in-possession and second-offense felony-firearm following an incident on New Year's Eve, December 31, 2016, in which Parkmallory and his girlfriend took turns firing a gun into the air. Before the trial began, Parkmallory's lawyer stipulated that Parkmallory had a prior conviction of receiving and concealing a stolen motor vehicle, which rendered Parkmallory "ineligible to possess the firearm." At trial, Parkmallory's lawyer argued that Parkmallory never possessed the gun because he only touched it briefly when his girlfriend tossed it to him "in a panic." The jury convicted Parkmallory as charged.

## II. INEFFECTIVE ASSISTANCE

### A. STANDARD OF REVIEW

Parkmallory argues that his convictions should be reversed because his lawyer provided constitutionally ineffective assistance by stipulating that he was ineligible to possess a gun because of a June 2009 conviction of receiving and concealing a stolen motor vehicle. He did not, however, preserve the issue by filing a motion for a new trial or for an evidentiary hearing.

See *People v Johnson*, 144 Mich App 125, 129; 373 NW2d 263 (1985). Because no evidentiary hearing was conducted, "our review of [his] claim of ineffective assistance of counsel is limited to mistakes that are apparent on the record." *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005).

Although our review is limited to mistakes apparent on the record, Parkmallory has only supported his claim with documentary evidence that is *not* in the record. Therefore, the first question we must answer is whether the documents appended to Parkmallory's appeal may be considered by this Court. As a general rule, "[a]ppeals to the Court of Appeals are heard on the original record," MCR 7.210(A), and the parties may not expand the record on appeal, *People v Nix*, 301 Mich App 195, 203; 836 NW2d 224 (2013). However, MCR 7.216(A)(4) provides a mechanism for this Court to permit additions to the record. That court rule explains:

> (A) **Relief Obtainable**. The Court of Appeals may, at any time, in addition to its general powers, in its discretion, and on the terms it deems just:
>
> * * *
>
> (4) permit amendments, corrections, or additions to the transcript or record. [MCR 7.216(A)(4).]

Here, we discern no reason to deny the expansion of the record. The records provided by Parkmallory are copies of court orders signed by the judge presiding over the 2009 case. On appeal, the prosecution argues that the records were not included in the proceedings before the trial court in this case, but does not otherwise challenge their accuracy or completeness. Moreover, we note that the documents appended to Parkmallory's appeal contain the type of facts that a court may, generally speaking, take judicial notice of. See MRE 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."). Accordingly, under the present circumstances we deem it just to allow the expansion of the record to include the following records: (1) the May 20, 2011 motion and bench warrant, (2) the August 2, 2011 order of conviction and sentence, (3) the September 7, 2011 motion and bench warrant, and (4) the September 21, 2011 order of conviction and sentence.

## B. ANALYSIS

In order to establish that his lawyer provided ineffective assistance, Parkmallory must establish (1) that his lawyer provided deficient assistance, i.e., that his performance "fell below an objective standard of reasonableness," and (2) that he was prejudiced by his lawyer's deficient performance, i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *People v Gioglio (On Remand)*, 296 Mich App 12, 22; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864 (quotation marks and citation omitted). "Because there are countless ways to provide effective assistance in any given case, in reviewing a claim that counsel was ineffective courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (quotation marks and citation omitted).

Parkmallory argues that his lawyer's performance was deficient because instead of presenting evidence showing that Parkmallory's right to possess a firearm had been restored, his lawyer stipulated that he was ineligible to possess a firearm. He argues that, without his lawyer's stipulation, the prosecution would not have been able to convict him of either felon-in-possession or felony-firearm because necessary elements of both charges would have been unsupported by the evidence.

A person can be convicted of felon-in-possession under subsection (1) or subsection (2) of MCL 750.224f. In both cases, the prosecution must prove beyond a reasonable doubt that the defendant possessed a firearm. See MCL 750.224f(1) and (2). Under subsection (2), the defendant must have been convicted of a "specified felony," and, in order to have his or her right to possess a firearm restored, the defendant must petition the circuit court for a restoration of his or her right to possess a firearm. See MCL 750.224f(2)(b); MCL 28.424(1). However, under MCL 750.224f(1)—the subsection Parkmallory was convicted under—the right to possess a firearm is *automatically* restored when the statutory conditions are satisfied. In full, MCL 750.224f(1) provides:

> (1) Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of 3 years after all of the following circumstances exist:
>
> (a) The person has paid all fines imposed for the violation.
>
> (b) The person has served all terms of imprisonment imposed for the violation.
>
> (c) The person has successfully completed all conditions of probation or parole imposed for the violation.

As explained by our Supreme Court in *People v Perkins*, 473 Mich 626, 640; 703 NW2d 448 (2005), the defendant bears the burden of producing evidence that his right to possess a firearm has been restored. See also MCL 776.20; *People v Henderson*, 391 Mich 612, 616; 218 NW2d 2 (1974). In this case, rather than attempting to satisfy that burden, Parkmallory's lawyer stipulated that Parkmallory was, essentially, ineligible to possess a gun because he committed a "felony." As a result, the prosecution was not required to prove "the lack of restoration of firearm rights beyond a reasonable doubt," as it would have been obligated to do had the defense satisfied its burden of production. *Perkins*, 473 Mich at 640.

Parkmallory's lawyer provided constitutionally ineffective assistance when he failed to present existing evidence supporting a finding that Parkmallory's right to possess a firearm had been automatically restored under MCL 750.224f(1). An order of conviction and sentence was entered on September 21, 2011. Based on our review of the order, three things are apparent: (1) no attorney fees, court costs, restitution, crime victim fees, supervision fees, or state minimum costs were imposed, (2) Parkmallory was sentenced to 110 days jail with credit for 110 days, and (3) Parkmallory's probation was "closed [without] Improvement." In other words, the order constitutes proof that as of September 21, 2011 Parkmallory did not have any outstanding fines

as a result of his June 2009 conviction of receiving and concealing a stolen motor vehicle, thereby satisfying the requirement in MCL 750.224f(1)(a) (all fines imposed paid). It also establishes that all terms of imprisonment imposed for the June 2009 conviction were served, which satisfies the requirement in MCL 750.224f(1)(b) (all terms of imprisonment imposed served). Finally, the order also suggests that the requirement in MCL 750.224f(1)(c) was satisfied, i.e., that Parkmallory "has successfully completed all conditions of probation or parole imposed for the violation" because after September 21, 2011 no conditions of probation or parole remained for him to complete. Furthermore, because all three conditions appear to have been satisfied by the September 21, 2011 order, and because more than 3 years elapsed between September 21, 2011 and December 31, 2016, the order is sufficient to establish that when Parkmallory committed the instant offense he was, in fact, eligible to possess a firearm because his right to do so was automatically restored under MCL 750.224f(1).

Yet, the prosecution argues that the September 21, 2011 order is insufficient to establish the requirement in MCL 750.224f(1)(c) because Parkmallory was essentially discharged from probation without improvement. The prosecution argues that, as a result, Parkmallory did not "successfully complete[] all conditions of probation or parole imposed for the violation." See MCL 750.224f(1)(c). We disagree.

Although this issue has not been addressed by this Court or by our Supreme Court in binding precedent, we find persuasive Justice KELLY'S dissent from our Supreme Court's order in *People v Sessions*, 474 Mich 1120 (2006). Justice KELLY reasoned:

> The parties dispute the meaning of "successfully" in this statute. A Webster's dictionary defines the root word "success" as "the favorable or prosperous termination of attempts or endeavors." *Random House Webster's College Dictionary* (2001). Applying that definition, in order to be "successful," a defendant must achieve a favorable termination of all conditions of probation. This is the only means of satisfying MCL 750.224f(1)(c).

> In this case, defendant did achieve a favorable termination. His probation conditions favorably terminated when the court unconditionally discharged him from probation. The judge left no lingering probation requirement for defendant to complete. He was free from court supervision without the obligation to report to a probation officer. Therefore, he successfully completed all conditions of probation.

> *   *   *

> "All" conditions means "the whole number of" or "every one" of the conditions. *Random House Webster's College Dictionary* (2001). Hence, a probationer must complete every one of the conditions of probation before the three-year waiting period for the restoration of the right to possess a firearm can begin to run. MCL 750.224f(1).

By using this phrasing, the Legislature indicated that substantial completion of probation is insufficient to start the clock running toward restoration. For instance, if the court released a probationer from all the conditions of probation except one, that probationer would not have satisfied the requirements of MCL 750.224f(1)(c). The probationer would satisfy that subsection only by fulfilling the final condition of probation. Then, as required by the Legislature, the probationer would have completed "all conditions of probation."

\* \* \*

A felon successfully completes all conditions of probation for purposes of MCL 750.224f(1)(c) when the court discharges the felon from probation. . . . As a consequence, there exists no judicial determination that a judge is authorized to include in an order discharging a probationer that the probation was unsuccessfully completed. It is a concept beyond the ken of MCL 750.224f(1)(c). [*Sessions*, 474 Mich at 1121-1123 (KELLY, J. dissenting).]

Although not binding, we find Justice KELLY'S reasoning in *Sessions* to be persuasive and we adopt it as our own.[1]

Here, like the defendant in *Sessions*, Parkmallory achieved a favorable termination of his probation; he was unconditionally discharged, free from supervision, and had no lingering probation requirements to complete. Accordingly, although the court order provides that Parkmallory's probation was "closed w/o Improvement," that notation has no bearing on whether he successfully completed all conditions of probation.

Furthermore, as recognized by Justice KELLY, "the Legislature chose to use 'successfully,' not 'perfectly.' " *Sessions*, 474 Mich at 1122 (KELLY, J., dissenting).

The root word of perfectly, "perfect," can be defined as "conforming absolutely to the description or definition of an ideal type. . . ." *Random House Webster's College Dictionary* (2001). The Court of Appeals would require a person on

---

[1] In *Sessions*, the majority reversed and vacated the opinion of the Court of Appeals on alternate grounds not raised by the parties. *Sessions*, 474 Mich at 1120; *Sessions*, 474 Mich at 1120 (MARKMAN, J., concurring) (noting that the resolution was on alternate grounds than those raised by the parties). Further, in his concurring statement, Justice MARKMAN aptly noted:

I do not necessarily disagree with Justice KELLY's substantive analysis and this Court doubtlessly will have the opportunity to consider it in a future case. In the meantime, the Court of Appeals opinion to which Justice KELLY takes such objection has been *vacated*. As such, it has no precedential value and thus will serve as no barrier to the adoption of Justice KELLY's analysis in the proper case. [*Id*.]

probation, in order to again be entitled to possess a firearm, to conform in absolute terms to the conditions of probation.

But the Legislature chose to use "successfully," not "perfectly." Without good cause to conclude otherwise, we must assume that it chose the word purposely and intentionally. *Detroit v Redford Twp*, 253 Mich 453, 456[; 235 NW 217] (1931). There is no reason to believe that the Legislature inadvertently used "successfully," intending another word. Therefore, "successfully" should not be read as "perfectly." [*Id*.]

Therefore, even to the extent that Parkmallory did not *perfectly* complete all conditions of his probation—as evidenced by multiple probation violation hearings—that failure has no bearing on whether he was nevertheless successful in completing all conditions of probation by virtue of the fact that, after the discharge was entered by the trial court, no conditions of probation remained for him to complete.

For the foregoing reasons, we conclude that Parkmallory has established that his lawyer's performance was deficient when he stipulated that Parkmallory was ineligible to possess a firearm because of his 2009 conviction for receiving and concealing a stolen motor vehicle.[2] Moreover, we conclude that, but for his lawyer's deficient performance, there is a reasonable probability that the outcome of the trial would have been different. See *Gioglio (On Remand)*, 296 Mich App at 22. If his lawyer had presented the September 21, 2011 order and conviction, the prosecution would have had to prove beyond a reasonable doubt that Parkmallory's right to possess a firearm had not been automatically restored under MCL 750.224f(1). See *Perkins*, 473 Mich at 640. On the record presently before us, there is no evidence that the prosecution would have been capable of satisfying that burden, which negates a necessary element for felon-in-possession. See *id*. (requiring the prosecution to prove that the defendant's right to possess a firearm has not been restored if the defendant produces evidence showing that his right has, in fact, been restored). And it also negates a necessary element for felony-firearm, which is reliant on the conviction for felon-in-possession as a predicate felony before a defendant can be convicted of felony-firearm. See MCL 750.227b(1) (requiring a defendant to carry or possess a firearm when he commits or attempts to commit a *felony*).[3] Stated differently, but for Parkmallory's lawyer's deficient performance, there is a reasonable probability that Parkmallory

---

[2] To the extent that Parkmallory's lawyer was unaware that Parkmallory's right to possess a firearm was automatically restored, we note that the failure to adequately investigate can constitute ineffective assistance "if it undermines confidence in the trial's outcome." *People v Grant*, 470 Mich 477, 493; 684 NW2d 686 (2004).

[3] Nothing in our opinion should be construed as prohibiting the prosecution from coming forward with evidence during a new trial showing that, for reasons not apparent on this record, Parkmallory was ineligible to possess a firearm on January 1, 2016. Our holding is limited to finding that the September 21, 2011 order of conviction and sentence is sufficient to establish— on a prima facie basis—that the statutory requirements for restoration of Parkmallory's right to possess a firearm under MCL 750.224f(1).

would have been acquitted of both charges.  Thus, he has satisfied his burden of establishing his lawyer provided ineffective assistance during the proceedings below.

Reversed.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Jonathan Tukel