*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SETH B. GOLD and KAREN GOLD,

Plaintiffs-Appellants,

v

MG BUILDING COMPANY, INC., MICHAEL MILLER, and MIKE MILLER BUILDING COMPANY, LLC,

Defendants-Appellees.

UNPUBLISHED
January 19, 2023

No. 359501
Oakland Circuit Court
LC No. 2021-188621-CZ

Before: HOOD, P.J., and SWARTZLE and REDFORD, JJ.

PER CURIAM.

Plaintiffs bought a house from a couple, the Adamczyks, which was built by the Michael Miller Building Company (MMBC). Bricks from one of the house's chimney began falling off, and the chimney's structure partially collapsed. Plaintiffs sued MMBC, MG Building Company, Inc., (MGBC), and Michael Miller alleging negligent construction and a breach of implied warranty of habitability. Defendants moved for summary disposition, which the trial court granted. We affirm.

## I. BACKGROUND

MMBC built the house for its previous owners, the Adamczyks. In a prior litigation, MMBC sued the Adamczyks over a fee that the Adamczyks did not pay. The Adamczyks counterclaimed that MMBC did not properly construct the house, specifically claiming that MMBC failed "to build a chimney properly." That suit resulted in a settlement for mutual release which stated, in relevant part, as follows:

[T]he Adamczyks, along with their agents, affiliates, heirs and assigns…fully releases, acquits and forever discharges MMBC, along with its agents, officers, directors, owners, principals, members, employees, shareholders, affiliates and assigns…from and with respect to any and all causes of action, suits, debts, accounts, damages, losses, liabilities, taxes, penalties, interest, costs, expenses, legal fees, claims and demands whatsoever…that were or could have been brought

-1-

in this proceeding. Notwithstanding the foregoing, the release of [MMBC] by the Adamczyks does not include any third party claims against the Adamczyks relative to the construction of the Home. For clarity, if a subcontractor or material provider for the construction of the Home brings suit against the Adamczyks, the foregoing release is not intended to cover any claim(s) which the Adamczyks may have against MMBC with respect to the same.

After the chimney's structure collapsed, plaintiffs hired an architect whose inspection report stated that the chimney was built with a wood frame instead of masonry like the original plans for the house intended. Further, the report indicated that the damage may have been caused by a combination of improper securing of the wood frame to the house and improper anchoring of the veneer.

Miller and MGBC responded to plaintiff's allegations of negligence and breach of implied warranty of habitability by moving for summary disposition. They argued that they were not proper parties because the construction contract for the house was between MMBC and the Adamczyks, and they were released from any liability in the settlement because plaintiffs were the "heirs and assigns" of the Adamczyks. Plaintiffs then amended their complaint to include MMBC, and they argued that the agreement to build the house between MMBC and the Adamczyks was not executed.

The trial court granted defendants summary disposition because the release "specifically addressed claims regarding the construction issue raised in the instant lawsuit by Plaintiffs," and "the implied warranty of fitness/habitability is extended only to the purchase of new residential houses."

Plaintiffs now appeal.

II. ANALYSIS

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (cleaned up). "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone." *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998) (cleaned up). When deciding a motion for summary disposition under MCR 2.116(C)(10), we consider the evidence submitted in a light most favorable to the nonmoving party. *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

A. IMPLIED WARRANTY OF HABITABILITY

In *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 431; 711 NW2d 421 (2006), this Court examined the continuing validity of the implied warranty of habitability, and this Court held "that the implied warranty of habitability that accompanies the sale of new homes applies only to the sale of new homes by a builder-vendor as part of a real estate transaction." Like the plaintiffs in *Smith*, the Adamczyks already owned the land upon which the house was built and,

thus, were not entitled to an implied warranty of habitability. Because MMBC was a general-contractor building a home to the specifications agreed upon by it and the Adamczyks, the Adamczyks did not have an implied warranty of habitability to transfer to plaintiffs. Even if the Adamczyks did have an implied warranty of habitability, there has been no caselaw in Michigan extending the implied warranty of habitability to subsequent buyers like plaintiffs.

Even though the trial court relied on *Weeks v Slavik Builders, Inc*, 24 Mich App 621; 180 NW2d 503, aff'd on other grounds 384 Mich 257 (1970), which is inapplicable to this case because the Adamczyks owned the land before the construction began, "we will not reverse a trial court if it reached the right result for an alternative reason," *Detroit Int'l Bridge Co v Commodities Export Co*, 279 Mich App 662, 668; 760 NW2d 565 (2008). Thus, the trial court did not err in granting summary disposition to defendants on plaintiffs' claim of implied warranty of habitability.

## B. MUTUAL RELEASE

The trial court also granted defendants summary disposition based on the mutual releases in the prior litigation. "An agreement to settle and pending lawsuit is a contract and is to be governed by the legal principles applicable to the construction and interpretation of contracts." *Regan v Ford Motor Co*, 207 Mich App 566, 571; 525 NW2d 489 (1994). The interpretation of a contract is a question that this Court reviews de novo. *DaimlerChrysler Corp v G Tech Prof Staffing, Inc*, 260 Mich App 183, 184; 678 NW2d 647 (2003). "In interpreting a contract, it is a court's obligation to determine the intent of the parties by examining the language of the contract according to its plain and ordinary meaning." *Phillips v Homer*, 480 Mich 19, 24; 745 NW2d 754 (2008) (cleaned up). "If the contractual language is unambiguous, courts must interpret and enforce the contract as written because an unambiguous contract reflects the parties' intent as a matter of law." *Id*.

In this case, the prior mutual release stated that the Adamczyks, along with their assigns, fully released MMBC and its agents and employees from any and all causes of action that were or could have been brought in that proceeding. This included the underlying counterclaim brought by the Adamczyks against MMBC concerning the improper construction of a chimney.

Defendants did not argue, and there was no evidence in this record to substantiate, that the Adamczyks assigned the settlement agreement to plaintiffs. Instead, defendants argued that the settlement agreement was assigned to plaintiffs by virtue of their purchase of the property. Our Supreme Court recently held that "a relationship based on an assignment of rights is deemed to be one of privity." *Mecosta Co Med Ctr v Metro Group Prop and Cas Ins*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket Nos. 161628, 161650), slip op at 5. "A privy is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase." *Howell v Vito's Trucking & Excavating Co*, 386 Mich 37, 43; 191 NW2d 313 (1971) (cleaned up). Further, *Black's Law Dictionary* (9th ed.) defines "assignee" as "one to whom property rights or powers are transferred by another." See *Fed Nat'l Mtg Ass'n v Lagoons Forest Condo Ass'n*, 305 Mich App 258, 266; 852 NW2d 217 (2014).

"Privity does not arise from the mere fact that persons as litigants are interested in the same question or in proving or disproving the same state of facts. Rather, the binding effect of the

adjudication flows from the fact that when the successor acquires an interest in the right it is then affected by the adjudication in the hands of the former owner." *Mecosta,* at ___; slip op. at 8 (cleaned up). "In other words, the assignee succeeds to those rights subject to any earlier adjudication involving the assignor that defined those rights." *Id.*

Thus, plaintiffs were in privity with the Adamczyks because they purchased the property from the Adamczyks, and plaintiffs are the assignees of rights that the Adamczyks had in the prior mutual release because it concerned the property that plaintiffs bought. Moreover, when plaintiffs bought the house from the Adamczyks, they acquired an interest, through purchase, in the chimneys that were affected by the prior mutual release. *Howell*, 386 Mich at 43. Plaintiffs succeeded to those rights involved in the prior mutual release, which released the right to sue defendants for defects in the chimney construction.

Plaintiffs first argue on appeal that the chimney collapsing could not have been litigated in the original suit between the Adamczyks and defendants because the collapse had not happened yet. Further, even if the collapse was contemplated in the Adamczyks' counterclaim, this specific chimney collapse was not specified because the counterclaim only addresses improper building of "a" chimney, when the house actually has four chimneys. Plaintiffs ignore, however, that the faulty construction of the chimneys is the reason that the chimney failed, as stated by their own inspector's report. The Adamczyks' counterclaim was for the faulty construction of a chimney, and that claim could have been brought with respect to all chimneys attached to the house.

Next, plaintiffs argue that they were not given notice of the prior mutual release, and they were never advised about it, so they were never party to mutually agree to be bound to release the claims. For purposes of release relative to defendants, however, notice of the settlement was not required because "the binding effect of the adjudication flows from the fact that when the successor acquires an interest in the right it is then affected by the adjudication in the hands of the former owner." *Mecosta,* at ___; slip op. at 8 (cleaned up). "In other words, the assignee succeeds to those rights subject to any earlier adjudication involving the assignor that defined those rights." *Id.* Plaintiffs succeeded to the right to sue the builders of the chimney by way of purchasing that property from the Adamczyks, who mutually released the right to sue regarding the chimney construction.

Lastly, plaintiffs argue that alleging improper construction is not the same as alleging a latent defect, and, thus, their claim is separate from the Adamczyks' counterclaim. Although it is true that not all hidden or latent defects are attributable to improper construction, in this case the Adamczyks' counterclaim related to the faulty construction of a chimney and plaintiffs' inspector's report showed that the defect and damage arose from faulty construction.

Furthermore, plaintiffs' arguments regarding notice of the prior release and latent defects are more appropriately brought against the Adamczyks who had knowledge of the faulty construction, released the rights to sue regarding that construction, and sold the property to plaintiffs without informing them of the faulty construction or prior mutual release. To be clear, our holding does not preclude plaintiffs from bringing suit against the Adamczyks for any claims, including misrepresentations or concealment.

III. CONCLUSION

The trial court correctly dismissed plaintiffs' claim for implied warranty of habitability because the Adamczyks owned the land before the house was built on that land and, thus, could not pass on any implied warranty of habitability that they did not have. Additionally, the release between the Adamczyks and MMBC concerned the claims for which plaintiffs now bring suit. Plaintiffs were assigned the rights concerning the house through the privity of purchasing the house from the Adamczyks, and the trial court correctly held that plaintiffs' claim was barred by the mutual release.

Affirmed. Defendants, as the prevailing parties, may tax costs. MCR 7.219(A).

/s/ Noah P. Hood
/s/ Brock A. Swartzle
/s/ James Robert Redford