*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MATTHEW SCOTT BENTLEY,

        Defendant-Appellant.

UNPUBLISHED
May 16, 2019

No. 340582
Huron Circuit Court
LC No. 97-003958-FC

Before: REDFORD, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

In 1998, defendant, then aged 15, was convicted of first-degree home invasion, MCL 750.110a(2), first-degree felony murder, MCL 750.316(1)(b), and possession of a firearm during the commission of a felony, MCL 750.227b. Relevant here, defendant, who was tried as an adult, was sentenced to life in prison without the possibility of parole for the first-degree murder conviction. In 2017, the trial court resentenced defendant, in accordance with MCL 769.25a, to 32 to 60 years in prison for the murder conviction. We affirm.

On September 2, 1997, when he was 14 years old, defendant broke into several residences in Bad Axe, Michigan, one of which belonged to the victim and her husband. Defendant discovered and obtained a firearm that the victim's husband kept in the house. While defendant was attempting to steal money from a drawer, the victim approached him. Defendant shot her with the firearm and fled the house. The victim subsequently died of the gunshot wound. A jury found defendant guilty of all charges, including first-degree felony murder, and the trial court sentenced defendant to a mandatory prison term of life without the possibility of parole.

In *People v Hayes*, 323 Mich App 470, 473-474; 917 NW2d 748 (2018), this Court explained the recent evolution in the law regarding the treatment of juveniles who committed murder and face or received mandatory sentences of life without parole:

> In *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), the United States Supreme Court held that mandatory punishment of life in prison absent the possibility of parole for a defendant who was under the age of

18 at the time of the sentencing offense violates the Eighth Amendment's prohibition against cruel and unusual punishments. The *Miller* Court did not indicate whether its decision was to be retroactively applied to closed cases involving juvenile offenders. In light of *Miller*, the Michigan Legislature enacted MCL 769.25, which provides a procedural framework for sentencing juvenile offenders who have committed offenses punishable by life imprisonment without the possibility of parole; this provision applied to pending and future cases. Anticipating the possibility of *Miller*'s retroactive application for closed cases, the Legislature also enacted MCL 769.25a, which would be triggered if our Supreme Court or the United States Supreme Court were to hold that *Miller* applied retroactively. And subsequently, in *Montgomery v Louisiana*, 577 US __; 136 S Ct 718; 193 L Ed 2d 599 (2016), the United States Supreme Court held that the rule announced in *Miller*, which was a new substantive constitutional rule, was retroactive on state collateral review. Accordingly, MCL 769.25a took effect.[1]

Under MCL 769.25a(4)(b), prosecutors were directed to "file motions for resentencing in all cases in which the prosecuting attorney will be requesting the court to impose a sentence of imprisonment for life without the possibility of parole." If the prosecuting attorney does not file a motion to seek a sentence of life without parole regarding a particular defendant, "the court shall sentence the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years." MCL 769.25a(4)(c). In the present case, the prosecutor did not file a motion requesting a life sentence without the possibility of parole. Accordingly, the trial court sentenced defendant under MCL 769.25a(4)(c), imposing a sentence of 32 to 60 years' imprisonment.

"This Court reviews sentencing decisions for an abuse of discretion." *People v Skinner*, 502 Mich 89, 131; 917 NW2d 292 (2018). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). A sentence constitutes an abuse of discretion if it violates the principle of proportionality, which requires a sentence imposed by a court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Skinner*, 502 Mich at 131-132. The trial court's fact-finding is reviewed for clear error and questions of law are reviewed de novo. *Id*. at 137 n 27.

Defendant first argues that the trial court erred when it failed to adequately address the *Snow*[2] objectives and the "attributes of youth" discussed in *Miller*. In *People v Wines*, 323 Mich App 343, 350-352; 916 NW2d 855 (2018), this Court discussed the sentencing of a juvenile offender when a sentence of life without parole is not being pursued by the prosecution, observing:

---

[1] The *Miller* Court, however, did not establish a complete bar against sentencing a juvenile offender to life without parole. *Miller*, 567 US at 479.

[2] *People v Snow*, 386 Mich 586; 194 NW2d 314 (1972).

The range of potential minimum terms under MCL 769.25a is very substantial—from 25 years to 40 years. There are no sentencing guidelines to guide a trial court's exercise of discretion within that very substantial range. . . . .

[T]he objectives generally relevant to sentencing were first articulated by the Michigan Supreme Court in *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972), and have been often reiterated by our courts. In *Snow*, the Court explained that in imposing sentence, the court should "balance" the following objectives: (1) reformation of the offender, (2) protection of society, (3) punishment of the offender, and (4) deterrence of others from committing like offenses. The process of properly balancing these objectives in the case of a minor defendant necessitates consideration of the distinctive attributes of youth. For example, consideration of what the Supreme Court described as youth's diminished culpability and greater prospects for reform, *Miller*, 567 US at 471, relates directly to *Snow*'s consideration of reformation and the protection of society. Similarly, the Supreme Court's reference to the diminished penological justifications for imposing the harshest sentences on juvenile offenders correlates with *Snow*'s inclusion of punishment and deterrence as relevant factors in a sentencing determination. Taking the distinctive attributes of youth into account is consistent with both Michigan's long-stated sentencing objectives and the United States Supreme Court's judgment that "youth matters." We conclude that a failure to consider the distinctive attributes of youth, such as those discussed in *Miller*, when sentencing a minor to a term of years pursuant to MCL 769.25a so undermines a sentencing judge's exercise of his or her discretion as to constitute reversible error. [Citations, quotation marks, alterations, and ellipses omitted.]

The *Wines* panel concluded that there is no constitutional requirement that the trial court specifically make findings in regard to the *Miller* factors except in the context of a decision whether to impose a sentence of life without parole. *Wines*, 323 Mich App at 352. The Court also ruled that "when the sentence of life imprisonment without parole is not at issue, the [sentencing] court should be guided by a balancing of the *Snow* objectives and in that context is required to take into account the attributes of youth, such as those described in *Miller*." *Id.*

In examining the record, we conclude that the trial court adequately considered and balanced the *Snow* objectives along with the attributes of youth. The trial court considered defendant's age, his childhood upbringing, his family, his conduct while in prison, his remorse, the victim's statement, and, as a useful reference, the sentencing guidelines for second-degree murder. The trial court stated that the purposes for its sentence included rehabilitation, punishment, and deterrence, which directly correlate to the *Snow* factors. Although the trial court did not explicitly address the "*Miller* factors," doing so was not required because a sentence of life without parole was not a sentencing option. See *Wines*, 323 Mich App at 352.

Rather, the trial court was merely required to consider the attributes of youth.[3] Reversal is unwarranted.

Next, defendant argues that the trial court improperly considered inaccurate information in determining his sentence. We disagree. A defendant is entitled to be sentenced on the basis of accurate information. *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009). If a defendant is sentenced on the basis of inaccurate information, resentencing is required. *People v Jackson*, 487 Mich 783, 792; 790 NW2d 340 (2010). Upon our review of the record, we are convinced that the presentence investigation report (PSIR) was not inaccurate when it stated that defendant failed to complete any mental health treatment program while in prison other than "Cognitive Thinking, Ethical Challenges, and Cage Your Rage." Defendant contends that the record establishes that he did complete mental health treatment. The only documentation that defendant cites in support of his position identifies numerous meetings with social workers and physicians as well as several meetings with psychologists while defendant was in prison between 1998 and 2001. These documents, however, appear to simply memorialize routine reviews and meetings to determine how defendant was adjusting to prison life. For example, two of the meetings occurred approximately one year apart and were called annual reviews. There is nothing in the record indicating that he engaged in and completed mental health programs. Accordingly, the PSIR was not inaccurate, and the trial court did not err in referencing it. Moreover, defendant's failure to complete mental health programs was but one factor of many the trial court referenced.

We similarly reject defendant's contention that his counsel was ineffective for failing to object to the purportedly inaccurate PSIR information. Since this information was not inaccurate, trial counsel had no duty to raise a futile objection. See *People v Putman*, 309 Mich App 240, 245; 870 NW2d 593 (2015).

Finally, we reject defendant's contention that the trial court improperly modified an invalid sentence when it amended the judgment of sentence to clarify that defendant's felony-firearm sentence ran consecutively to the other offenses. MCR 6.435(A) provides:

> Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any

---

[3] At the sentencing hearing, the trial court stated:

> So you look at the behavior but you also have to consider this, what about the circumstances that brought the Defendant before the Court to begin with? As highlighted by [defense counsel], Defendant's father was in prison for committing Criminal Sexual Conduct upon the Defendant's own sister. July of '97, the Defendant was temporarily placed in foster care regarding an argument that he had with his mom. His mother was eventually charged with Receiving and Concealing Stolen Property during this time period, *and this is a 14-year-old*. He was suspended from school . . . . [Emphasis added.]

time on its own initiative or on motion of a party, and after notice if the court orders it.

At defendant's original sentencing in 1998, the trial court explicitly stated that the felony-firearm sentence was to be served before the sentences for his other two convictions. Defendant has long since served this two-year sentence. Although following resentencing the trial court failed to check the proper box in the judgment of sentence to indicate that the sentence was to be consecutive, when alerted by the Michigan Department of Corrections, the trial court corrected this clerical mistake on its own initiative, which was within its authority under MCR 6.435(A). See *People v Comer*, 500 Mich 278, 293; 901 NW2d 553 (2017) ("Under this subrule, a court may correct a clerical mistake on its own initiative at any time, including after a judgment has entered.").[4]

We affirm.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly

---

[4] Defendant maintains that appellate counsel was ineffective for filing a late brief that resulted in the forfeiture of oral argument. Assuming that this issue is even properly before us and that appellate counsel's performance was deficient, defendant has failed to demonstrate the requisite prejudice. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001).